THEISEN v CITY OF DEARBORN

APPEAL AND ERROR—QUESTIONS REVIEWABLE—REMAND—INSTRUC-
TIONS OF SUPREME COURT.

The Court of Appeals is bound by the instructions of the Supreme
Court that restricted the scope of a remand to a circuit court to
a specific area and therefore must deny a request of plaintiffs
on appeal for relief in another area in the absence of counter-
vailing directions from the Supreme Court.

Appeal from Wayne, George E. Bowles, J. Sub-
mitted Division 1 May 9, 1973, at Detroit. (Docket
No. 15157.) Decided July 25, 1973.

Complaint by Arthur N. Theisen, the Retired
and Pensioned Policemen and Firemen Association
of Dearborn, George Morrison, as its president and
for himself, and by others, against the City of
Dearborn for an accounting and for a determina-
tion of moneys due under the provisions of the
City of Dearborn's policemen's and firemen's re-
tirement system. Accelerated judgment for defend-
ant. Plaintiffs appealed to the Court of Appeals.
Affirmed. Plaintiffs appealed to the Supreme
Court. Affirmed and remanded for discovery pro-
ceedings. The circuit court dismissed the com-
plaint. Plaintiffs appeal. Affirmed.

*James Thomson,* for plaintiffs.

*Joseph J. Burtell,* Corporation Counsel, and *Carl
P. Garlow,* Assistant Corporation Counsel, for de-
fendant.

REFERENCE FOR POINTS IN HEADNOTE
20 Am Jur 2d, Courts § 226.

Before: GILLIS, P. J., and HOLBROOK and BASH-
ARA, JJ.

HOLBROOK, J. The original factual situation for
this case is extensively set out in *Theisen v Dear-
born,* 5 Mich App 607; 147 NW2d 720 (1967). In
that case the prevailing members of the Court
ruled that a prior circuit court judgment, *Morrison
v Dearborn* (Wayne County No. 299–972), was res
judicata as to the claims asserted in the circuit
court action then on appeal. In that appeal this
writer dissented, asserting that the *Morrison* case
was not res judicata since the court's judgment
was ambiguous as to the issues of longevity pay
and the proper pension formula. However, the
Supreme Court affirmed *Theisen, supra,* by a 5 to
3 vote, saying at 380 Mich 621, 625; 158 NW2d
483, 485 (1968):

"We disagree with our Brother's finding that the
'holding by the trial court in the previous case *[Morri-
son, supra]* is ambiguous', and we agree with the trial
court and the Court of Appeals that the decision in the
previous case in regard to the formula determines the
question of formula in the present case.

"We are remanding to allow plaintiffs' request that
discovery proceedings be allowed to determine whether
plaintiffs' annuity or other benefits have been properly
adjusted by the defendant under the established for-
mula."

Plaintiffs on remand to the circuit court have
attempted to relitigate the pension formula. They
claim that the pension ratio that is to be applied
against increases in active duty pay so that pen-
sioners will receive a corresponding equal increase
in their retirement annuity is not large enough
due to miscalculation of the pension formula. Af-
ter again reviewing the trial judge's opinion in the

*Morrison* case, this writer remains convinced that the *Morrison* judgment is ambiguous and was not res judicata in *Theisen, supra.* However, the Supreme Court's ruling expressly restricted the scope of the remand in *Theisen* only to allow plaintiffs to pursue their request that discovery proceedings be allowed. This Court is, of course, bound by the instructions of the Supreme Court and therefore must deny plaintiffs' request for relief in the absence of countervailing directions from that Court.

Affirmed.

All concurred.