TAXPAYERS & CITIZENS IN THE PUBLIC INTEREST v
DEPARTMENT OF STATE HIGHWAYS

1. COSTS—ENVIRONMENTAL PROTECTION ACT—JUDGE'S DISCRETION—
ABUSE OF DISCRETION—STATUTES.

The award of costs and fees in a case brought under the Environ-
mental Protection Act is within the broad and unfettered
discretion of the trial judge, which must be recognized and
exercised; upon review, the Court of Appeals looks only to see if
such discretion has been exercised, and, if so, abused (MCLA
691.1203[3]; MSA 14.528[203][3], GCR 1963, 526.1).

2. COSTS—REMAND—JUDGE'S DISCRETION—APPORTIONMENT—STAT-
UTES.

A case must be remanded for a reevaluation of the respective
parties' motions for costs and fees where it appears from the
record that the trial judge awarded costs and fees believing
that he had a very limited area of discretion and was appar-
ently unaware of a statutory provision permitting apportion-
ment of costs and fees in cases of the type under consideration
(MCLA 691.1203[3]; MSA 14.528[203][3], GCR 1963, 526.1).

3. COSTS—PUBLIC QUESTIONS—POLICY OF COURT—STATUTES—ENVIRON-
MENTAL PROTECTION ACT.

The frequent and traditional policy of denying costs in cases
involving "public questions" is superseded by statutory provi-
sion for cases brought under the Environmental Protection Act
(MCLA 691.1203[3]; MSA 14.528[203][3]).

Appeal from Grand Traverse, William S. Brown,
J. Submitted June 10, 1976, at Grand Rapids.
(Docket No. 23011.) Decided August 3, 1976.

Complaint by Taxpayers & Citizens in the Public
Interest against the Department of State High-

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 61 Am Jur 2d, Pollution Control § 9.
[2] 20 Am Jur 2d, Costs §§ 15, 16.

ways, the Department of National Resources, Northern Michigan Inns, Inc. and the City of Traverse City to rescind a sale of land from the Department of State Highways to Northern Michigan Inns, Inc. Summary judgment for defendants. Motions for taxation of costs and fees were filed by plaintiff and by defendant Northern Michigan Inns, Inc. Defendant's motion was granted, plaintiff's motion was denied, and plaintiff appeals by leave granted. Remanded for reevaluation of both parties' motions for costs and fees.

*Olson, Dettmer & Bowerman,* for plaintiff.

*Running, Wise & Wilson,* for defendant Northern Michigan Inns, Inc.

Amici Curiae:

*Freihofer, Hecht, Oosterhouse & DeBoer, P. C.* (by *Peter W. Steketee),* for West Michigan Environmental Action Council, Inc., and the Environmental Law Society.

Before: R. B. BURNS, P. J., and M. J. KELLY and S. S. HUGHES,* JJ.

R. B. BURNS, P. J. Plaintiff, a citizen "environmentalist" organization, sued in equity to rescind the sale of "excess land" by defendant highway department to defendant Northern Michigan Inns. Defendants prevailed on the merits via summary judgment. Northern Michigan Inns then filed a motion for taxation of costs and for leave to pay and tax more than the ordinary fees for expert testimony (totaling $3,640.18). Plaintiff appeals the

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

trial court's grant of this motion, and appeals the court's denial of plaintiff's similar motion.

Plaintiff and the Amici Curiae urge an omnibus treatment of the issues raised on appeal; we are requested to aid in "developing a common law of environmental quality", to avoid a "chilling impact on citizen-initiated environmental litigation in Michigan", to "establish general standards or guidelines for the apportioning of costs in environmental lawsuits". Defendants, in turn, urge a simple affirmance.

The authority for an award of fees and costs, including taxable attorney fees and reasonable expert witness fees, is statutory. MCLA 600.2405; MSA 27A.2405, MCLA 600.2164; MSA 27A.2164. It is denoted in MCLA 600.2401; MSA 27.2401 that "[e]xcept as otherwise provided by statute, the supreme court shall by rule regulate the taxation of costs". The controlling court rule is GCR 1963, 526.1:

"In any action or proceeding, costs shall be allowed as of course to the prevailing party, except when express provision therefor is made either in a statute or in these Rules, *or unless the court otherwise directs,* for reasons stated in writing and filed in the cause." (Emphasis added.)

Falling within the "except when express provision * * * in a statute" supervention is the appropriate section of the Environmental Protection Act (EPA), MCLA 691.1203(3); MSA 14.528(203)(3): "Costs *may* be apportioned to the parties if the interests of justice require." (Emphasis added.)

Construed in concert, as they must be, these provisions yield one indisputable principle: the award of costs and fees in cases such as this is within the broad and unfettered discretion of the

trial judge, a discretion that must, however, be recognized and exercised. We only look to see if such discretion has been exercised, and, if so, abused.

The trial court's opinion on defendant Northern Michigan Inn's motion reveals his mistaken belief that he had "a very limited area of discretion"; the court seems to consider the "prevailing party" language of GCR 1963, 526.1 to rise nearly to the authority of an order. Further, it appears that the court was unaware of the permissive apportionment provision of MCLA 691.1203(3); MSA 14.528(203)(3). We must, therefore, remand for a reevaluation of the respective parties' motions for costs and fees by a valid exercise of the trial judge's previously unrecognized discretion.

However, we do not mean to imply a result. In this regard, plaintiff's contention that apportionment of fees is "mandated" by the EPA is clearly wrong. The trial judge must reach the result that "the interests of justice require". He may agree with Amici Curiae that apportionment is an appropriate remuneration for a plaintiff that has borne the expense of performing "a valuable public service" by airing "important public issues"; he may agree with defendants concerning the often great expense necessary to "defend against unwarranted allegations".

It is not necessary or appropriate for this Court to lay down "rules" regarding "private attorneys general". We similarly reject as undesirable the concept that we must articulate "guidelines and principles" to structure the traditional flexibility of the exercise of equitable discretion. The trial judge gets sufficient guidance from the statutory directive that he serve "the interests of justice". Determinations as to fee and cost awards must of

necessity be made through full consideration of the unique facts presented in each individual case. Again, our role is limited to a review to determine a possible abuse of that discretion.

One more point needs to be covered. Plaintiff argues in the alternative that no costs should have been awarded because a "public question" was involved. While it has been the frequent and traditional *policy* of our appellate courts to deny costs in "public question" cases, we specifically disavow the pronouncement of *City of Berkley v Holmes,* 34 Mich App 417, 429; 191 NW2d 561 (1971), that any such award constitutes "an abuse of discretion". Our policy is wholly superseded by MCLA 691.1203(3); MSA 14.528(203)(3) for suits brought under the EPA; suits that, incidentally, inevitably involve public questions.

The cause is remanded. Costs to abide final results.