THREE LAKES ASSOCIATION v KESSLER

Docket No. 45420. Submitted June 20, 1980, at Lansing.—Decided
October 24, 1980. Leave to appeal applied for.

Three Lakes Association brought an action against Carlton L.
Kessler and others seeking to enjoin them from having access
to a lake through a strip of land. Antrim Circuit Court, Wil-
liam R. Brown, J., denied the injunction. The Court of Appeals
affirmed the trial court's decision. 91 Mich App 371; 285 NW2d
300 (1979). The trial court also denied plaintiff an award of
costs and attorney fees and a rehearing on the matter. Plaintiff
appeals, alleging that 1) it should be awarded reasonable costs
and attorney fees by virtue of defendants' refusal to admit the
truth of matters later proven, 2) it should be awarded the cost
of proving certain allegations, including reasonable attorney
fees, since defendants' denial thereof was unreasonable, 3) it is
entitled to recover costs as a prevailing party, 4) it is entitled to
attorney fees and costs under the Michigan environmental
protection act, and 5), based on allegations 1) through 4), its
motion for rehearing on the question of fees and costs should
have been granted. *Held:*

1. The trial court did not abuse its discretion in denying costs
and attorney fees pursuant to court rule and in ruling that
defendants' failure to strictly comply with the rule governing
requests for admissions was excused by plaintiff's serving its
request eleven days prior to trial in a case filed two years
earlier. The trial court noted that many of plaintiff's requests
for admissions did not involve matters of fact and ran contrary
to the court's ultimate findings of fact and that, thus, defen-
dants' denials of the requests were not unreasonable.

2. The trial court properly denied costs and attorney fees for

REFERENCES FOR POINTS IN HEADNOTES

[1] 20 Am Jur 2d, Costs §§ 14, 72.
[2] 20 Am Jur 2d, Costs §§ 10-25.
[3] 20 Am Jur 2d, Costs §§ 10-12, 14, 87.
[4] 20 Am Jur 2d, Costs §§ 14-16.
[5] 20 Am Jur 2d, Costs §§ 15, 16.
[6] 4 Am Jur 2d, Appeal and Error §§ 128, 129.
    20 Am Jur 2d, Costs § 94.

plaintiff's proving certain allegations which defendants denied since no bad faith was shown to justify such an award.

3. The trial court properly ruled that neither party substantially prevailed and, thus, neither was entitled to taxable costs.

4. An award of costs and fees under the Michigan environmental protection act is discretionary with the trial court. The trial court did not abuse its discretion in ruling that the equities were not completely with either party and consequently in denying an award of costs.

5. Plaintiff's motion for rehearing was properly denied, no showing that such rehearing would render a different result having been made.

Affirmed.

1. COSTS — REQUESTS FOR ADMISSIONS — SUBSEQUENT PROOFS OF MATTERS OF FACT — AWARDS OF REASONABLE EXPENSES — COURT RULES.

A party who proves during a trial the truth of a matter of fact on which he had requested an admission prior to trial and which admission was denied may be awarded reasonable expenses for making such proof including attorney fees (GCR 312, 313.3).

2. COSTS — REQUESTS FOR ADMISSIONS — MATTERS OF OPINION — AWARDS OF REASONABLE EXPENSES — COURT RULES.

Denials of requests for admissions of matters of opinion should not entitle an adverse party to an award of reasonable expenses incurred in proving such matters; the mere fact that a matter is proved during a trial does not, of itself, establish that a denial in response to a request for admission was unreasonable (GCR 313.3).

3. COSTS — AWARDS OF EXPENSES — UNWARRANTED ALLEGATIONS OR DENIALS — BAD FAITH — COURT RULES.

Awards of expenses incurred in proving or preparing to prove or disprove unwarranted allegations or denials rest within the discretion of a trial judge, and there must be some evidence of bad faith to justify an award (GCR 111.6).

4. COSTS — AWARDS OF COSTS — PREVAILING PARTIES — COURT RULES.

Costs should be awarded as a matter of course to a prevailing party in an action, but where neither party substantially prevails, neither should be entitled to taxable costs (GCR 526.1).

5. COSTS — AWARDS OF COSTS — ENVIRONMENTAL PROTECTION ACT —
    STATUTES — COURT RULES.

  Awards of costs, including attorney fees, incurred in actions
  brought under the Michigan environmental protection act may
  be apportioned to the parties if the interests of justice require,
  such awards being exceptions to those provided by general
  court rules (MCL 691.1203[3]; MSA 14.528[203][3], GCR 1963,
  526.1).

6. COSTS — AWARDS OF COSTS — ENVIRONMENTAL PROTECTION ACT —
    JUDICIAL DISCRETION — APPEAL — STANDARD OF REVIEW —
    STATUTES.

  Awards of costs and fees incurred in actions brought under the
  Michigan environmental protection act are within the discre-
  tion of the trial court and will not be overturned on appeal
  absent an abuse of discretion (MCL 691.1203[3]; MSA
  14.528[203][3]).

*Jaffe, Snider, Raitt, Garratt & Heuer, P.C.,* for
plaintiff.

*Donald J. Berlage, P.C.,* for defendants.

Before: M. F. CAVANAGH, P.J., and D. E. HOL-
BROOK, JR., and J. H. PIERCEY,* JJ.

PER CURIAM. Plaintiff, a nonprofit corporation
composed mainly of riparian land owners, brought
the underlying suit to enjoin the defendants, new
residents on 47 residential lots in White Sands
Estates subdivision, Antrim County, from having
access to Torch Lake through a 42-foot-wide strip
of land.

In an action tried in 1976, the trial court held,
contrary to plaintiff's argument, that beneficial use
of the access strip could be vested in the subdivi-
sion lot owners and also that the plaintiff had
failed to sustain its burden of proving an alleged
common plan of development which made the
defendants' use unreasonable. Its ruling was af-

* Circuit judge, sitting on the Court of Appeals by assignment.

firmed in *Three Lakes Ass'n v Kessler,* 91 Mich
App 371; 285 NW2d 300 (1979).

This appeal is from the trial court's order deny-
ing to plaintiff an award of attorney fees and costs
and from the order denying a rehearing of the
argument for fees and costs. This appeal is based
upon the following arguments: (1) plaintiff should
be awarded reasonable attorney fees and costs
pursuant to GCR 1963, 313.3 by virtue of defen-
dants' refusal to admit the truth of matters of fact
that were subsequently proven by plaintiff; (2)
pursuant to GCR 1963, 111.6, defendants' denial of
certain allegations was unreasonable and so plain-
tiff should be awarded the cost of proving the
allegations including reasonable attorney fees; (3)
GCR 1963, 526.1 entitles plaintiff, as prevailing
party, to recover its costs; (4) the Michigan envi-
ronmental protection act, MCL 691.1203; MSA
14.528(203), entitles plaintiff to attorney fees and
other costs; (5) based on (1) through (4), above,
plaintiff's motion for rehearing on the question of
fees and costs should have been granted.

We affirm the trial court's order denying plain-
tiff's reasonable expenses and attorney fees and
the order denying a rehearing on the matter.

Plaintiff's requests for admissions came 11 days
before the start of the trial. The action had been
initiated nearly three years earlier. The defendant
responded to the requests before the start of the
trial, and it is the defendants' denials of 22 of the
52 requests for admissions upon which plaintiff
seeks the costs and attorney fee award.

GCR 313.3 gives reasonable expenses including
attorney fees to the party whose requests for ad-
missions of the truth of a matter of fact under
GCR 312 are not admitted where the requesting
party proves the fact at trial.

The defendants did not strictly comply with GCR 312.1. They made general denials of the requests for admissions, did not claim a lack of knowledge which prevented them from admitting or denying, and did not object to the propriety of the requests. The trial judge ruled that the lack of strict compliance was excused because the requests were served only 11 days before trial, even though the case was filed over two years earlier. The judge may have assumed that, in light of the time frame, the plaintiff already would have prepared the bulk of its case.

In some instances, the plaintiff did not present evidence at trial to prove the statements contained in the requests. In other instances, defendants contested at trial the matters contained in the admission requests. Other requests were not or could not have been within the knowledge of the defendants or were of such a general nature to be irrelevant.

The trial judge denied the plaintiff's request for expenses under GCR 313.3. In denying plaintiff's request for GCR 313.3 expenses, the judge noted that many of the plaintiff's requests for admissions did not involve matters of fact as contemplated by GCR 313.3. He also noted that many of the requests for admissions ran contrary to his ultimate findings of fact so that it was plainly not unreasonable for the defendants to deny these requested admissions.

*Fredericks v General Motors Corp,* 48 Mich App 580, 588; 211 NW2d 44 (1973), *lv den* 390 Mich 805 (1973), indicates that GCR 313.3 is only applicable to denials of matters of fact and not to matters of opinion.

Plaintiffs in *Greenspan v Rehberg,* 56 Mich App 310, 328-329; 224 NW2d 67 (1974), denied that

covenants contained in a land contract between the defendants and the plaintiffs were binding on the plaintiffs. The trial court awarded the defendants costs under GCR 313.3 based on the evidence presented at trial that proved that the covenants were binding on the plaintiffs. This Court, in reversing the award of costs under GCR 313.3, stated:

"In 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 27, the author states that such admissions may dispose of matters over which there is no serious dispute, and hence avoid waste of time and preparation and a trial on unnecessary proofs. However, the author also states that unless a matter is completely free of controversy, it is not likely that a formal request for admissions will prove successful * * *.

"An examination of the demands for admission of fact submitted to the plaintiffs discloses that the 'facts' which the defendants sought to have the plaintiffs admit were, in reality, not 'facts' but were elements of the defendants' claim.

"It is stated in 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 234:

" 'The mere fact that the matter was proved at the trial does not, of itself, establish that the denial in response to the request for an admission was unreasonable.' "

Defendants' denials of the requests for admission were not unwarranted in the sense that they were unreasonable so that the defendants should be liable for the plaintiff's costs of proving these allegations. Accordingly, the trial court, in the instant case, did not abuse its discretion in denying attorney fees pursuant to GCR 1963, 313.3.

Plaintiff's motion for costs and attorney fees under GCR 111.6 was also properly denied.

GCR 1963, 111.6 states:

"Unwarranted Allegations and Denials. If it appears at the trial that any fact alleged or denied by a pleading ought not to have been so alleged or denied and such fact if alleged is not proved or if denied is proved or admitted, the court may, if the allegation or denial is unreasonable, require the party making such allegation or denial to pay to the adverse party the reasonable expenses incurred in proving or preparing to prove or disprove such fact as the case may be, including reasonable attorney fees."

Plaintiff cites *Forster v City of Pontiac,* 56 Mich App 415; 224 NW2d 325 (1974), in support of its position on this issue. The holding in that case indicates that the decision to award expenses under GCR 111.6 rests within the discretion of the trial juge and that there must be some bad faith to justify the award. See also *Lindhout v Ingersoll,* 58 Mich App 446, 454; 228 NW2d 415 (1975).

We find no abuse of discretion in the trial court's denial of the motion for expenses and fees under GCR 111.6.

Next, GCR 1963, 526.1 provides that costs shall be awarded as a matter of course to the "prevailing party" in an action. The trial court, in the present case, ruled that neither party substantially prevailed and so neither was entitled to taxable costs pursuant to GCR 526.1.

This Court has indicated in numerous opinions that no costs would be awarded because neither party had prevailed in full. See *Lovitt v Concord School Dist,* 58 Mich App 593, 603; 228 NW2d 479 (1975), overruled on other grounds in *Galli v Kirkeby,* 398 Mich 527, 536, 544; 248 NW2d 149 (1976), *Eberhard Manufacturing Co v Brown,* 61 Mich App 268, 273; 232 NW2d 378 (1975). See also

*Farr v Farr,* 63 Mich App 741, 746; 235 NW2d 31 (1975).

In its decision on plaintiff's appeal on the substantive issues in the present case, this Court awarded "[n]o costs, neither party prevailing fully". *Kessler, supra,* 378. The Court declined to award costs for appeal when it upheld the right of the defendants to convey riparian rights in the access strip but remanded the case so that the trial court could determine an appropriate means of enforcing the restrictions that had been placed on the use of the access strip.

We decline to follow the Federal cases that would award costs to a party who was successful on only a part of his claims. See *United States v Mitchell,* 580 F2d 789 (CA 5, 1978). We find that plaintiff in the instant case did not receive all the relief it sought. Because the plaintiff did not substantially prevail, it should not receive a GCR 526.1 expenses award.

Certain portions of this action were brought under the Michigan environmental protection act, MCL 691.1201 *et seq.;* MSA 14.528(201) *et seq.* Section 3(3) of that act provides that costs, including attorney fees, may be awarded if the interests of justice require. We agree with the argument that MCL 691.1203(3); MSA 14.528(203)(3) is a statutory exception to GCR 526.1. However, the trial court determined that the interests of justice did not require an award of fees to the plaintiff. The judge noted that there was no indication of great disparity of wealth on the part of the parties and no great disparity in equities. The court went on to state:

"The Plaintiffs tended to look upon the developer as a threat to the environment and particularly to the quality of the water of Torch Lake, and the Defendant

viewed the Plaintiff perhaps as persons who attempted or as an organization that attempted to intervene and interefere with the conduct of a lawful business. Certainly while the interests of protecting the environment are laudable, the position of neither party could be or was fully acquitted in the decision of the Court.

"The Court could not and did not find that all land development operations are inherently evil or wrong or that there is any impropriety in a profit motivation. The Court likewise certainly did not find that the plaintiff constituted a meddling group without sincere interests in their—in the water quality of Torch Lake."

Despite evidence on the record as to the insolvency of Three Lakes Association, the judge indicated that he would not alter his decision, particularly in view of the fact that there was evidence that the plaintiff association was composed of persons owning riparian lands from whom the plaintiff could attract contributions.

In *Taxpayers & Citizens in the Public Interest v Dep't of State Highways,* 70 Mich App 385; 245 NW2d 761 (1976), this Court stated that the award of costs and fees under MCL 691.1203(3); MSA 14.528(203)(3), is within the broad and unfettered discretion of the trial court. This Court, on appellate review, will only look to see if such discretion has been exercised and, if so, abused.

We find that the trial court recognized its broad discretion in ruling on the award of costs. The court did not abuse that discretion by ruling that the equities were not completely with either party, so no costs should have been awarded.

Finally, as there was no showing by the plaintiff that a rehearing on the motion would render a different result, the motion for rehearing was properly denied.

Affirmed. Defendants may tax costs.