OSCODA CHAPTER OF PBB ACTION COMMITTEE, INC v
DEPARTMENT OF NATURAL RESOURCES

Docket No. 52828. Submitted May 7, 1981, at Grand Rapids.—Decided
April 21, 1982. Leave to appeal applied for.

The Department of Natural Resources proposed to bury up to
5,000 PBB-contaminated cattle in clay-lined pits on 2.29 acres
of state-owned land in Oscoda County. The Oscoda Chapter of
PBB Action Committee, Inc., and Nelson Yoder, president of
the chapter, in his official capacity and individually, brought
suit against the DNR and Howard Tanner, the director of the
DNR, in Oscoda Circuit Court, seeking to enjoin burial of the
contaminated animals and to prevent further construction on
the site. Plaintiffs' motion for a temporary restraining order
was denied, Allan C. Miller, J. Plaintiffs filed an emergency
application for leave to appeal to the Court of Appeals. Leave
to appeal was denied. Plaintiffs then filed an emergency appli-
cation for leave to appeal to the Supreme Court. The Supreme
Court issued a temporary restraining order, 402 Mich 942
(1978), and in lieu of granting leave to appeal, remanded the
case to the circuit court for an evidentiary hearing on the
issues raised in plaintiffs' complaint. The Supreme Court re-
tained jurisdiction and continued its temporary restraining
order in effect. On remand, the circuit court found that burial
of the contaminated cattle in clay-lined pits would provide
absolute protection, but that incineration was a preferable form
of disposal. Noting various reasons why incineration was not
practical at that time, the circuit court recommended that the
contaminated cattle on hand or condemned within six months
be buried within the pit, but that cattle condemned thereafter
be incinerated. The Supreme Court dissolved its temporary
restraining order, permitted the burial of the contaminated

REFERENCES FOR POINTS IN HEADNOTES

[1, 6] 20 Am Jur 2d, Costs §§ 14-16.
[2, 3] 20 Am Jur 2d, Costs §§ 72, 79.
[3] 5 Am Jur 2d, Appeal and Error §§ 128, 129.
[4, 6] 20 Am Jur 2d, Costs § 89.
[5] 5 Am Jur 2d, Appeal and Error § 1009.
[7] 20 Am Jur 2d, Costs § 65.

cattle in the clay-lined pit, and remanded the cause to the circuit court for further proceedings, 402 Mich 949 (1978). Three months later, plaintiffs filed a motion in the circuit court for a temporary restraining order or preliminary injunction order, arguing that the Supreme Court's opinion covered only the completed pit and claiming that defendants were commencing construction of additional pits. A preliminary injunction was entered by consent. The injunction allowed defendants to construct further pits within the original 2.29-acre site. The defendants were not to use a pit containing perched water for disposal of contaminated cattle or other wastes and were not to construct pits outside the 2.29-acre site without completing an environmental and hydrological study equivalent to an environmental impact statement. The court, Allan C. Miller, J., found that plaintiffs had incurred costs of $33,923.49 and required defendants to pay $20,354.09, or 60% of plaintiffs' costs. Defendants appeal the apportionment of costs. *Held:*

1. Defendants' argument that plaintiffs waived the right to apportionment of costs because their motion for apportionment was not brought within the time specified in the court rules is not correct. The court rule that defendants rely upon is not applicable to this situation.

2. The circuit court may apportion under the Michigan Environmental Protection Act only those costs which are otherwise taxable.

3. Taxation and apportionment of costs by the circuit court is permitted where the costs in question were costs allowable in circuit court, the costs were incurred in the course of a proceeding within the jurisdiction of the circuit court, and the costs were taxed at a time the circuit court had jurisdiction to tax costs.

4. The record indicates that the trial court's exercise of discretion in apportioning the costs was affected by a misunderstanding of the Supreme Court's decision following the evidentiary hearing by the trial court. Remand to the trial court for reconsideration of the motion for apportionment of costs is appropriate.

Reversed and remanded.

1. Costs — Environmental Protection Act — Apportionment of Costs — Court Rules.

   Costs of an action brought under the Michigan Environmental Protection Act may be apportioned to the parties if the interests of justice require; since this apportionment is not performed by the court clerk, the court rule governing the appor-

tionment of costs by the clerk is not applicable (MCL 691.1203[3]; MSA 14.528[203][3]).

2. COSTS — ATTORNEY FEES.

Generally, attorney fees may not be recovered, either as costs or as damages, unless expressly authorized by statute or court rule.

3. COSTS — ENVIRONMENTAL PROTECTION ACT — ABUSE OF DISCRETION.

The award of costs and fees in a case brought under the Environmental Protection Act is within the broad and unfettered discretion of the trial judge, which must be recognized and exercised; upon review, the Court of Appeals looks only to see if such discretion has been exercised, and, if so, abused (MCL 691.1203[3]; MSA 14.528[203][3]; GCR 1963, 526.1).

4. COSTS — POWER TO TAX COSTS.

The power to tax costs is wholly statutory.

5. COSTS — COSTS ON APPEAL.

A circuit court does not have any statutory right or any right created by court rule to tax costs incurred on appeal to the Court of Appeals or the Supreme Court.

6. COSTS — CIRCUIT COURT — TAXATION AND APPORTIONMENT OF COSTS.

Taxation of costs and apportionment thereof by a circuit court was proper where the costs in question were costs allowable in circuit court, the costs were incurred in the course of a proceeding within the jurisdiction of the circuit court, and the costs were taxed at a time the circuit court had jurisdiction to tax costs.

7. COSTS — EXPERT WITNESSES — WITNESS FEES.

A court before which an expert witness appears is given by statute the power to award as part of the taxable costs a fee in excess of the ordinary witness fee (MCL 600.2164; MSA 27A.2164).

*James M. Olson,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Stewart H. Freeman* and *Elizabeth L. Valentine,* Assistants Attorney General, for defendants.

Before: MacKenzie, P.J., and R. B. Burns and J. N. O'Brien,* JJ.

MacKenzie, P.J. This appeal presents questions concerning the award and apportionment of costs in an action brought under the Michigan Environmental Protection Act, MCL 691.1201 *et seq.;* MSA 14.528(201) *et seq.* The circuit judge found that plaintiffs had incurred costs of $33,923.49 and required defendants to pay $20,354.09, or 60% of plaintiffs' costs. Defendants appeal by right.

The director of the Department of Natural Resources was authorized to dispose of PBB-contaminated cattle by 1977 PA 77, which enacted MCL 288.421 *et seq.;* MSA 12.695(1) *et seq.* The director proposed to bury up to 5,000 such cattle in clay-lined pits on 2.29 acres of state-owned land in Oscoda County. After litigation between the department and the county, the department agreed to install a 20-foot clay liner in the pits used for burials.

On April 13, 1978, plaintiffs brought the instant action to enjoin burial of contaminated animals and to prevent further construction on the site. Plaintiffs alleged, among other things, that the proposed burial would pollute ground water and that a feasible alternative to burial existed, namely, incineration. By an order dated April 24, 1978, the circuit court denied plaintiffs' motion for a temporary restraining order. Plaintiffs filed an emergency application for leave to appeal, which this Court denied in an order dated May 4, 1978. Plaintiffs then filed in the Supreme Court an emergency application for leave to appeal. In an order dated May 9, 1978, the Supreme Court issued a temporary restraining order. 402 Mich 942.

* Circuit judge, sitting on the Court of Appeals by assignment.

In an order dated May 23, 1978, in lieu of granting leave to appeal, the Supreme Court remanded the case to the circuit court for an evidentiary hearing on the issues raised in plaintiffs' complaint. The Supreme Court retained jurisdiction and continued its temporary restraining order in effect. 402 Mich 949.

On remand, the circuit judge found that burial of the contaminated cattle in clay-lined pits would provide absolute protection, but that incineration was a preferable form of disposal. Noting various reasons why incineration was not practical at that time, the circuit judge recommended that the contaminated cattle on hand or cattle condemned within six months be buried within the pit, but that cattle condemned thereafter be incinerated. At 403 Mich 215; 268 NW2d 240 (1978), the Supreme Court dissolved its temporary restraining order, permitting the burial of the contaminated cattle in the clay-lined pit, and remanding the cause to the circuit court for further proceedings on plaintiffs' complaint. Justice LEVIN, in an opinion joined by then Chief Justice KAVANAGH and Justice (now Chief Justice) COLEMAN, held that the circuit judge's findings amounted to a determination that burial of the contaminated cattle in the clay-lined pit was not likely to pollute, impair, or destroy natural resources and that the circuit judge had no authority under the act to choose between "feasible and prudent alternatives" available to defendant. Justice FITZGERALD, in an opinion joined by Justice RYAN, agreed that the circuit judge's findings amounted to a determination that burial was not likely to pollute, impair, or destroy natural resources, but found it unnecessary to decide whether incineration was desirable or within the circuit court's power to require. Jus-

tices MOODY and WILLIAMS dissented on the ground that the act required the circuit court to adopt the feasible and prudent alternative least likely to impair or pollute the environment.

On August 21, 1978, plaintiffs filed a motion in circuit court for a temporary restraining order or a preliminary injunction order. Plaintiffs argued that the Supreme Court's opinion covered only the completed pit and claimed that defendants were commencing construction of additional pits. On November 20, 1978, a preliminary injunction was entered by consent. The injunction allowed defendants to construct further pits within the original 2.29-acre site. However, defendants were not to use a pit containing perched water for disposal of contaminated cattle or other wastes and were not to construct pits outside the 2.29-acre site without completing an environmental and hydrological study equivalent to an environmental impact statement. The circuit court was authorized to provide for public hearings and review of the environmental and hydrological study, and three representatives of plaintiffs were authorized to enter defendants' land to view and inspect defendants' construction and burial operations.

I

Defendants argue that plaintiffs waived the right to apportionment of costs because their motion for such apportionment was not brought within the time specified in GCR 1963, 526.10(2). That subrule provides, in relevant part:

"When costs are to be taxed by the clerk the party entitled to costs shall, within 30 days after the judgment is signed, or within 30 days after the entry of an order denying a motion for new trial or to set aside the

judgment, present to the clerk a bill of costs certified or verified as required by sub-rule 526.11. * * * Failure to present a bill of costs within the time prescribed shall constitute a wavier of the right to such costs."

The subrule is not applicable to apportionment of costs pursuant to MCL 691.1203(3); MSA 14.528(203)(3), since such apportionment is not performed by the clerk. Compare *Cope v St Clair,* 28 Mich App 380; 184 NW2d 464 (1970). Moreover, while plaintiffs filed their motion for apportionment of costs on February 19, 1980, more than 18 months after entry of a preliminary injunction, defendants concede in their brief on appeal that no final order was entered until after costs had been apportioned.

## II

Defendants argue that the trial judge erred by including actual attorney fees in the award of costs. Our analysis commences with MCL 691.1203(3); MSA 14.528(203)(3), which provides:

"Costs may be apportioned to the parties if the interests of justice require."

While the statute permits apportionment of costs, it does not purport to alter the ordinary definition of "costs" or to allow taxation of costs for items which may not be taxed as costs in ordinary civil actions. The statutory authority for an award of costs is found in Chapter 24 of the Revised Judicature Act, MCL 600.2401 *et seq.;* MSA 27A.2401 *et seq.* MCL 600.2405; MSA 27A.2405 provides, in part:

"The following items may be taxed and awarded as costs unless otherwise directed:

\*    \*    \*

"(6) Any attorney fees authorized by statute or by court rule."

Generally, attorney fees may not be recovered, either as costs or as damages, unless expressly authorized by statute or court rule. *State Farm Mutual Automobile Ins Co v Allen,* 50 Mich App 71, 74; 212 NW2d 821 (1973), *Salvador v Connor,* 87 Mich App 664, 672; 276 NW2d 458 (1978).

In *Taxpayers & Citizens in Public Interest v Dep't of State Highways,* 70 Mich App 385, 387-388; 245 NW2d 761 (1976), the Court said:

"The authority for an award of fees and costs, including taxable attorney fees and reasonable expert witness fees, is statutory. MCL 600.2405; MSA 27A.2405, MCL 600.2164; MSA 27A.2164. It is denoted in MCL 600.2401; MSA 27A.2401 that '[e]xcept as otherwise provided by statute, the supreme court shall by rule regulate the taxation of costs'. The controlling court rule is GCR 1963, 526.1.

" 'In any action or proceeding, costs shall be allowed as of course to the prevailing party, except when express provision therefor is made either in a statute or in these Rules, *or unless the court otherwise directs,* for reasons stated in writing and filed in the cause.' (Emphasis added.)

"Falling within the 'except when express provision \* \* \* in a statute' supervention is the appropriate section of the Environmental Protection Act (EPA), MCL 691.1203(3); MSA 14.528(203)(3): 'Costs *may* be apportioned to the parties if the interests of justice require.' (Emphasis added.)

"Construed in concert, as they must be, these provisions yield one indisputable principle: the award of costs and fees in cases such as this is within the broad and unfettered discretion of the trial judge, a discretion

that must, however, be recognized and exercised. We only look to see if such discretion has been exercised, and, if so, abused."

In *Superior Public Rights, Inc v Dep't of Natural Resources,* 80 Mich App 72, 89-90; 263 NW2d 290 (1977), the Court quoted the foregoing language from *Taxpayers* and concluded that the Court in *Taxpayers* had held that MCL 691.1203(3); MSA 14.528(203)(3) authorized an award of actual attorney fees as costs. However, the issue in *Taxpayers* was not whether MCL 691.1203(3); MSA 14.528(203)(3) authorized an award of attorney fees as costs; the issue was whether the statute gave the trial court discretion to apportion attorney fees and expert witness fees which were otherwise taxable as costs. Neither *Taxpayers* nor MCL 691.1203(3); MSA 14.528(203)(3) support the holding in *Superior Public Rights.*

We hold that the circuit judge may only apportion costs under MCL 691.1203(3); MSA 14.528(203)(3) which are otherwise taxable.

### III

Defendants argue that the circuit court was without jurisdiction to apportion costs pertaining to proceedings held before this Court and the Supreme Court. MCL 600.2451; MSA 27A.2451 provides:

"Costs in the supreme court and in the court of appeals shall be taxed by 1 of the justices or judges or the clerk thereof, and by such other officers as the supreme court shall, by general or special order, designate for that purpose; and upon notice to the opposite party, as shall be prescribed by the general rules of the court."

The power to tax costs is wholly statutory. *Hester v Comm'rs of Parks & Boulevards of Detroit,* 84 Mich 450; 47 NW 1097 (1891), *Kuberski v Panfil,* 275 Mich 495; 267 NW 730 (1936), *Gundersen v Village of Bingham Farms,* 1 Mich App 647; 137 NW2d 763 (1965), *People v Cousino,* 81 Mich App 416; 265 NW2d 355 (1978). No statute or court rule empowers a circuit judge to tax costs on appeal and no general or special order of the Supreme Court authorized the circuit judge to tax costs on appeal in this case. The circuit judge could not apportion costs he could not tax.

Defendants also point out that the Supreme Court retained jurisdiction when remanding the cause to circuit court for an evidentiary hearing. Defendants contend that the circuit court was without jurisdiction to apportion costs relating to the evidentiary hearing in view of the Supreme Court's retention of jurisdiction. We cannot agree. The circuit court had no jurisdiction over the case while it was on appeal to the Supreme Court. *People v George,* 399 Mich 638; 250 NW2d 491 (1977). Proceedings on remand to circuit court were limited by the scope of the remand. *Theisen v Dearborn,* 48 Mich App 571; 210 NW2d 777 (1973). The circuit judge thus had no power to tax costs while the case was before him on remand for the limited purpose of conducting an evidentiary hearing. However, costs were not taxed and apportioned until after the final order on appeal was entered and jurisdiction had reattached in circuit court for all purposes not inconsistent with the Supreme Court's decision. See *People v Kennedy,* 384 Mich 339; 183 NW2d 297 (1971). We see no obstacle to taxation and apportionment of costs by the circuit judge where the costs in question were costs allowable in circuit court, the costs were

incurred in the course of a proceeding within the jurisdiction of the circuit court, and the costs were taxed at a time the circuit judge had jurisdiction to tax costs Compare *Jeffery v Hursh,* 58 Mich 246, 259; 25 NW 176 (1885):

"[T]he party who finally prevails in the suit and recovers final judgment, is entitled to recover his costs; and in case there has been more than one trial, the party who finally prevails is entitled to recover his taxable costs of each trial. Costs, however, which are paid under an order of the court during the progress of a cause, or in compliance with any statutory requirement, cannot be recovered back or taxed on the final disposition of the cause. When cases are brought to this Court by writ of error, the plaintiff in error, in case final judgment is entered here, is entitled to tax his costs in this Court of the court below, including therein all the costs which he is entitled to recover. If the judgment entered here is not final, if liberty be given to amend, or a new trial be granted, or if in any other form the original action is still to go on, the costs on reversal are in the discretion of this Court, and all costs not disposed of by the special order or direction of this Court must abide the event of the suit, and be taxable to the party recovering final judgment."

In this connection, we note that a court before which an expert witness appears is given by statute the power to award as part of the taxable costs a fee in excess of the ordinary witness fee. MCL 600.2164; MSA 27A.2164.

## IV

Defendants argue that the circuit judge's decision to apportion costs here was based upon a misunderstanding of the Supreme Court's decision. At a hearing on plaintiffs' motion for apportion-

ment of costs on June 18, 1980, the circuit judge said:

"I find here that the actions of the plaintiff brought to this court substantial expert testimony that resulted in the emergency burial of the cattle, but not in the burial of any further cattle, and this was a substantial public service, and we can dwell on that more, but I think that is the nub of it, that this was a public service that was accomplished, and that while the stacked up and smelly and canned and boxed cattle were disposed of in the pit, there was a prohibition against that being the long range forever result and recognized that it was not the thing that anybody wanted, not the DNR or the citizens of Oscoda County, and it was only through the diligence and vigilance of the plaintiffs and their able counsel that this was accomplished, and it was initiated by the, and very properly, by the county commissioners, but it apparently became more than they could handle and was carried on beyond that to the benefit of the public at large."

Later in the course of the same proceeding, the circuit judge explained:

"The finding that they could not make further burials in the pits in Oscoda County, and that after a certain length of time incineration or some other feasible alternative was ordered, and I think that's what we ordered, wasn't it? Wasn't that the ultimate order?

"*[Counsel for plaintiffs]:* That was your ultimate recommendation, your Honor, and then the preliminary injunction order was entered in November of 1978 which prohibited any further burials and until further litigation on the merits, and then nothing has happened since that date.

"*The Court:* So, in substance, it resulted in no further burial beyond emergency burial, and that that I feel this was a public service."

Contrary to the circuit judge's statement, three

justices of the Supreme Court found his recommendation of incineration to be beyond his powers. Two other justices found that recommendation irrelevant to their holding, based on the circuit judge's findings of facts, that further burials would not pollute, impair, or destroy natural resources and thus would not violate the act. The injunction issued after remand did not prevent further burials in Oscoda County. It prevented further burials in a single pit containing perched water, but placed no limitation on further construction of pits on the original 2.29-acre site and allowed defendants to construct additional pits on other sites provided certain studies were performed.

In *Taxpayers, supra,* this Court remanded the case to the trial court for reconsideration of the motion for apportionment of costs where the record indicated that the trial judge had failed to recognize his discretion. We believe that a similar remedy is appropriate where, as here, the record indicates that the trial judge's exercise of discretion was affected by a misunderstanding of the record.

Reversed and remanded for further proceedings consistent with this opinion. We retain no jurisdiction.