ATTORNEY GENERAL v PILLER (AFTER REMAND)

Docket No. 142456. Submitted December 7, 1993, at Lansing. Decided March 21, 1994, at 9:25 A.M.

The Attorney General and the Attorney General *ex rel* the Director of the Department of Natural Resources brought an action in the Barry Circuit Court against John and Frank Piller, claiming that the defendants had filled in wetlands on their property without a permit from the Department of Natural Resources. The court, Hudson E. Deming, J., granted summary disposition for the defendants but denied their motion for costs and attorney fees. The Court of Appeals, MAHER, P.J., and GRIBBS and MURPHY, JJ., reversed and remanded, directing the trial court to consider § 3(3) of the Michigan Environmental Protection Act, MCL 691.1203(3); MSA 14.528(203)(3), and address its broad and unfettered discretionary power to apportion costs under the MEPA. Unpublished opinion per curiam of the Court of Appeals, decided April 24, 1990 (Docket No. 111229). On remand, the trial court, Thomas S. Eveland, J., concluded that the defendants should be awarded $3,500 in attorney fees. The defendants appealed, alleging that the court erred in denying full reimbursement of the amount of attorney fees they had claimed pursuant to the MEPA.

After remand, the Court of Appeals *held:*

The clear and unambiguous language of MCL 691.1203(3); MSA 14.528(203)(3) allows "costs" but does not mention "attorney fees." Section 3(3) does not permit an award of attorney fees that are not otherwise authorized by statute or court rule. The defendants have not shown any evidence that any statute or court rule authorized an award of attorney fees in this case.

Affirmed.

1. COSTS — ATTORNEY FEES.

Attorney fees may be awarded as taxable costs if authorized by statute or court rule (MCL 600.2405; MSA 27A.2405).

REFERENCES

Am Jur 2d, Costs §§ 72-86.

See ALR Index under Attorney of Assistance of Attorney; Attorneys' Fees; Costs of Actions.

2. COSTS — ENVIRONMENTAL PROTECTION ACT — ATTORNEY FEES.

Costs of an action brought under the Michigan Environmental Protection Act may be apportioned to the parties if the interests of justice require and they are otherwise taxable pursuant to statute or court rule; § 3(3) of the act does not authorize or permit an award of attorney fees that are not otherwise authorized by statute or court rule (MCL 691.1203[3]; MSA 14.528[203][3]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *A. Michael Leffler* and *Thomas J. Emery,* Assistants in Charge, and *Stephen F. Schuesler,* Assistant Attorney General, for the plaintiffs.

*Hankins, Lange & Hodari* (by *Malik Hodari*), for the defendants.

### AFTER REMAND

Before: TAYLOR, P.J., and REILLY and M. J. TALBOT,* JJ.

REILLY, J. Defendants appealed as of right a circuit court postjudgment order allowing "fair and equitable" attorney fees in the amount of $3,500, but denying defendants' request for attorney fees pursuant to § 3(3) of the Michigan Environmental Protection Act (MEPA), MCL 691.1201 *et seq.*; MSA 14.528(201) *et seq.* We affirm the trial court's denial of attorney fees under the MEPA.

I

The Attorney General initiated this action in 1987, claiming that defendants had filled in wetlands on their property without a permit from the Department of Natural Resources. The complaint alleged violations of the MEPA and the Wetland

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Protection Act (WPA), MCL 281.701 *et seq.*; MSA 18.595(51) *et seq.*, as well as the creation of a public nuisance.

The parties filed a "Joint Stipulation of Facts Regarding the 90-Day Permit Denial Period," indicating that defendants had filed a permit application and that the Department of Natural Resources did not approve or disapprove the application within ninety days after it was filed. The trial court granted defendants' motion for summary disposition pursuant to MCR 2.116(A). The court held that, under the provisions of the WPA, the failure to take action on the application within ninety days constituted approval of the permit.

The trial court denied defendants' "Motion for Costs and Attorney Fees" in the amount of $31,023.28 for 213 chargeable hours. The court ruled that denial was mandated by MCR 2.625, because defendants had failed to file a proof of service of their bill of costs with the court. In a prior appeal to this Court, defendants contended that the trial court abused its discretion in refusing to award costs and attorney fees pursuant to MCL 691.1203(3); MSA 14.528(203)(3) of the MEPA. That section provides:

> Costs may be apportioned to the parties if the interests of justice require.

The trial court's ruling was reversed and the matter was remanded. The trial court was directed to consider MCL 691.1203(3); MSA 14.528(203)(3) and "address its broad and unfettered discretionary power to apportion costs under the MEPA." *Attorney General v Piller,* unpublished opinion per curiam of the Court of Appeals, decided April 24, 1990 (Docket No. 111229). In so doing, this Court expressed no opinion concerning the merits of defendants' motion.

On remand, the successor trial judge ruled, as did his predecessor, that the action was not frivolous. Further, the trial court noted that no determination was ever made regarding the merits of plaintiffs' request for an injunction under the MEPA, and that summary disposition was granted only because plaintiffs failed to take action within the ninety-day period as required by the WPA. The court held that the issues should have been resolved at an administrative level, rather than in circuit court, but could not be resolved in that manner because of plaintiffs' failure to adopt mandated rules for administrative procedures. The court concluded, therefore, that it was "fair and equitable" to award $3,500 in attorney fees. The trial court gave no other basis for the award. Defendants claim on appeal that the trial court improperly denied full reimbursement of their attorney fees pursuant to the MEPA.

II

Defendants first contend that the trial court erred when it stated that "[t]here was never any determination on the merits of the lawsuit; the only determination was that the Plaintiffs violated the procedural rules and accordingly could not now challenge the Defendants' permit." Defendants claim that the order granting summary disposition resolved all the issues in the case, and that plaintiffs are precluded from relitigating any of the issues raised in the complaint. Therefore, defendants argue, the trial court abused its discretion in failing to award costs and attorney fees pursuant to the MEPA. Because plaintiffs concede that the order granting summary disposition has res judicata effect with regard to all the issues raised in the complaint, we do not address that

issue and express no opinion regarding the merits of defendants' position.

### III

We do, however, reject defendants' contention that because the MEPA claim was dismissed as a result of the order granting summary disposition, the trial court abused its discretion when it refused to award the requested attorney fees pursuant to MCL 691.1203(3); MSA 14.528(203)(3). The clear and unambiguous language of § 3(3) of the MEPA allows "costs." There is no mention of the term "attorney fees."

Attorney fees may be awarded as taxable costs if authorized by statute or court rule. MCL 600.2405; MSA 27A.2405. Without such authorization, attorney fees are not generally permitted. *Matras v Amoco Oil Co,* 424 Mich 675, 695; 385 NW2d 586 (1986).

This Court, in *Taxpayers & Citizens in the Public Interest v Dep't of State Hwys,* 70 Mich App 385; 245 NW2d 761 (1976), considered whether the trial court properly exercised its discretion under MCL 691.1203(3); MSA 14.528(203)(3) when it granted the prevailing party's motion for taxation of costs and for extraordinary expert witness fees. The Court noted that the authority for an award of fees and costs, including taxable attorney fees and reasonable expert witness fees, is statutory. Although the Court concluded that the award of costs and fees pursuant to § 3(3) of the MEPA is "within the broad and unfettered discretion of the trial judge," *Taxpayers, supra,* pp 387-388, there is nothing in the opinion to suggest that the "fees" being considered were other than expert witness fees. There is no indication that attorney fees could be awarded as costs if not authorized by statute or court rule.

Nevertheless, in *Superior Public Rights, Inc v Dep't of Natural Resources,* 80 Mich App 72, 89-90; 263 NW2d 290 (1977), another panel of this Court, citing *Taxpayers, supra,* held that § 3(3) of the MEPA authorized the award of attorney fees.[1] That holding was criticized and rejected in *Oscoda Chapter of PBB Action Committee, Inc v Dep't of Natural Resources,* 115 Mich App 356; 320 NW2d 376 (1982), where the Court determined that § 3(3) did not permit the award of attorney fees that were not otherwise authorized by statute or court rule. We are convinced that Judge MacKenzie's opinion in *PBB Action Committee, Inc* is the better-reasoned one, and choose to follow it. Therefore, we hold that the trial court may only apportion costs under MCL 691.1203(3); MSA 14.528(203) (3) that are otherwise taxable pursuant to statute or court rule. Because there is no authority to award attorney fees in § 3(3) of the MEPA, and defendants have not presented any other basis for such an award, we affirm the trial court's denial of attorney fees pursuant to § 3(3) of the MEPA.[2]

Affirmed.

---

[1] Subsequently, other panels of this Court have followed the lead in *Superior Public Rights, Inc* and held that the term "Costs" in § 3(3) of the MEPA should be interpreted to include both costs and attorney's fees. See *Three Lakes Ass'n v Kessler,* 101 Mich App 170, 177-178; 300 NW2d 485 (1980), and *Dafter Twp v Reid,* 131 Mich App 283, 288-289; 345 NW2d 689 (1983).

[2] We note that the trial court's award of attorney fees in the amount of $3,500 because they were "fair and equitable," without citing any basis in a statute or court rule, also appears to have been erroneous. However, plaintiffs did not file a cross appeal, and the parties have not submitted briefs addressing the issue. We therefore decline to review this issue.