PLATTE LAKE IMPROVEMENT ASSOCIATION v DEPARTMENT OF
NATURAL RESOURCES

Docket No. 176356. Submitted April 10, 1996, at Grand Rapids. Decided
August 23, 1996, at 9:30 A.M. Leave to appeal sought.

The Platte Lake Improvement Association brought an action in the
Ingham Circuit Court against the Department of Natural Resources,
seeking injunctive relief against alleged violations by the defendant
of the Michigan Environmental Protection Act, (MEPA) MCL
691.1201 et seq.; MSA 14.528(201) et seq., now MCL 324.1701 et seq.;
MSA 13A.1701 et seq. The court, Thomas L. Brown, J., granted
injunctive relief and costs, including attorney fees incurred up to
the judgment, to the plaintiff. The court subsequently granted a
motion by the plaintiff for an award of postjudgment attorney fees.
Following the decision of the Court of Appeals in Attorney General
v Piller, 204 Mich App 228 (1994), that the MEPA does not authorize
or permit an award of attorney fees, the trial court reversed its
decision to award postjudgment attorney fees. The plaintiff
appealed.

The Court of Appeals held:

Costs awardable under MCL 691.1203(3); MSA 14.528(203)(3),
now MCL 324.1703(3); MSA 13A.1703(3), do not include attorney
fees.

1. MCL 600.2405; MSA 27A.2405 defines "costs" to include attor-
ney fees when such fees are authorized by statute or court rule.
The MEPA, in providing that costs may be apportioned to the parties
if the interests of justice require it, does not expressly provide that
costs include attorney fees. Because the Legislature in other envi-
ronmental legislation has specifically provided for attorney fees as
part of costs, the absence of an express provision in the MEPA
regarding attorney fees indicates that the Legislature did not intend
that attorney fees may be awarded as costs in actions brought
under the MEPA.

2. The "common law of environmental quality," as mentioned in
Ray v Mason Co Drain Comm'r, 393 Mich 294 (1975), relates to
interpreting what constitutes environmental pollution or impair-
ment and not to the meaning to be afforded well-defined legal
terms such as "costs."

3. Administrative Order No. 1996-4 binds the Court of Appeals to follow *Piller*.

4. Whether the inability of citizens who initiate environmental cases to recover attorney fees has a chilling effect on such litigation is best addressed by the Legislature, not by the Court of Appeals.

Affirmed.

COSTS — ENVIRONMENTAL PROTECTION ACT — ATTORNEY FEES.

The Michigan Environmental Protection Act does not authorize or permit an award of attorney fees as part of the costs that may be awarded in actions brought under the act (MCL 691.1203[3]; MSA 14.528[203][3], now MCL 324.1703[3]; MSA 13A.1703[3]).

*Boyden, Waddell, Timmons & Dilley* (by *Frederick D. Dilley*), for the plaintiff.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, and *James L. Stropkai*, Assistant Attorney General, for the defendant.

Before: GRIBBS, P.J., and HOEKSTRA and C. H. STARK,[*] JJ.

HOEKSTRA, J. Plaintiff appeals as of right an order of the Ingham Circuit Court denying attorney fees under the Michigan Environmental Protection Act (MEPA), MCL 324.1701 *et seq.*; MSA 13A.1701 *et seq.*[1] We affirm.

In this appeal, plaintiff overtly challenges this Court's decision in *Attorney General v Piller (After Remand)*, 204 Mich App 228; 514 NW2d 210 (1994). Plaintiff recognizes that the *Piller* opinion, upon

---

[*] Circuit judge, sitting on the Court of Appeals by assignment.

[1] At the time plaintiff's suit was filed, the MEPA was codified at MCL 691.1201 *et seq.*; MSA 14.528(201) *et seq.* During the time this appeal was pending, those sections were repealed and the MEPA was moved to MCL 324.1701 *et seq.*; MSA 13A.1701 *et seq.* The provision at issue in this appeal was not altered substantively in any way. For the remainder of this opinion, the MEPA will be referred to under its former codification.

which the trial court relied, is controlling; however, plaintiff requests that this panel express disagreement with the holding in *Piller* pursuant to Administrative Order No. 1996-4.

Plaintiff, a nonprofit corporation formed by property owners on Platte Lake and Platte River, filed suit against defendant in 1986, claiming that phosphorous emissions from defendant's salmon hatchery was causing environmental pollution in the lake and river. Following a bench trial in 1988, the trial court determined that defendant was violating the MEPA and awarded plaintiff injunctive relief. Plaintiff was also awarded costs, including attorney fees, pursuant to MCL 691.1203(3); MSA 14.528(203)(3) for expenses incurred through the date of the 1988 judgment. In August 1993, plaintiff filed a supplemental motion for apportionment of costs, including attorney fees, incurred after entry of the 1988 judgment. That motion was granted in an opinion and order dated March 9, 1994. However, on March 21, 1994, this Court announced its decision in *Piller*, prompting defendant to request reconsideration of the award of postjudgment attorney fees. Using *Piller* as authority, the trial court reluctantly reversed the original award of postjudgment attorney fees, and this appeal ensued.

Since the enactment of MCL 691.1203(3); MSA 14.528(203)(3), this Court has repeatedly addressed the question whether attorney fees are assessable costs under the MEPA. The first case to mention the issue, *Taxpayer & Citizens in the Public Interest v Dep't of State Hwys*, 70 Mich App 385; 245 NW2d 761 (1976), has been cited by subsequent cases for the proposition that an award of attorney fees was

authorized by this subsection. See *Superior Public Rights, Inc v Dep't of Natural Resources,* 80 Mich App 72; 263 NW2d 290 (1977), *Three Lakes Ass'n v Kessler,* 101 Mich App 170; 300 NW2d 485 (1980), and *Dafter Twp v Reid,* 131 Mich App 283; 345 NW2d 689 (1983). A panel of this Court adopted the opposite position in *Oscoda Chapter of PBB Action Committee, Inc v Dep't of Natural Resources,* 115 Mich App 356; 320 NW2d 376 (1982). The *Piller* decision agreed with the reasoning in the *PBB* case and held that an award of costs pursuant to MCL 691.1203(3); MSA 14.528(203)(3) could not include attorney fees. We are now asked to revisit the issue on the basis of the arguments raised in this appeal.

For us, the issue presents a question of statutory interpretation. The primary goal of statutory interpretation is to ascertain and give effect to the intent of the Legislature. *Golf Concepts v Rochester Hills,* 217 Mich App 21; ___ NW2d ___ (1996). The Legislature is presumed to intend the meaning plainly expressed in a statute, and judicial construction is not allowed where the plain and ordinary meaning of the language is clear. *Id.*

Here, MCL 691.1203(3); MSA 14.528(203)(3) states that "[c]osts may be apportioned to the parties if the interests of justice require." The word "costs," when used in a legal context, is a word that has a distinct meaning that is different than the meaning of the word in everyday parlance. MCL 600.2401; MSA 27A.2401 provides that the taxation of costs related to a legal proceeding is regulated by statute or court rule. MCL 600.2405; MSA 27A.2405 then defines which items may be taxed and awarded as costs as follows:

The following items may be taxed and awarded as costs unless otherwise directed:

\*      \*      \*

(6) Any attorney fees authorized by statute or by court rule.

Thus, by statutory definition, costs do not include attorney fees except when specifically authorized by statute or court rule. In addition, our Supreme Court has held that attorney fees ordinarily are not recoverable at common law and can be awarded only where a statute specifically so provides. *Matras v Amoco Oil Co*, 424 Mich 675, 695; 385 NW2d 586 (1986).

The issue then is reduced to deciding whether the Legislature intended to create a statutory exception to the above definition of costs by the enactment of MCL 691.1203(3); MSA 14.528(203)(3). A panel of this Court in *Oscoda, supra,* concluded that it did not. The panel concluded that "[w]hile the statute permits apportionment of costs, it does not purport to alter the ordinary definition of 'costs' or to allow taxation of costs for items which may not be taxed as costs in ordinary civil actions." *Id.* at 362. We have no basis upon which to challenge the accuracy of the *Oscoda* panel's conclusion.

When the MEPA is examined in the context of other environmental legislation, it is apparent that the Legislature understands the significance of the word "costs" because in other environmental legislation the Legislature has specifically provided for the payment of attorney fees. For example, § 10 of the Water Resources Commission act, MCL 323.10; MSA 3.529(1), provides for a discretionary award of reasonable attorney fees and costs to the prevailing

party. Similarly, § 48 of the Hazardous Waste Management Act, MCL 299.548; MSA 13.30(48), allows a trial court to award costs of litigation, including reasonable attorney fees, to a party if appropriate.

In these instances, the Legislature has expressly provided for the recovery of attorney fees. The MEPA, conspicuously devoid of any similar provisions, cannot be read to authorize them. Thus, we are constrained to agree with *Piller* that costs under the MEPA do not include attorney fees.

Plaintiff claims that previous MEPA cases, such as *Taxpayers, supra,* and the cases that rely upon *Taxpayers,* have established a rule of common-law that an award of costs under the MEPA includes attorney fees. Accordingly, plaintiff asks us to disregard the statutory nature of costs and find that the inclusion of attorney fees as costs in these early cases has created a common-law precedent that we should follow. While our Supreme Court in *Ray v Mason Co Drain Comm'r,* 393 Mich 294, 306; 224 NW2d 883 (1975), recognized that the Legislature "left to the courts the important task of giving substance to the standard by developing a common law of environmental quality," this common law of environmental quality refers not to the meaning to be afforded well-defined legal terms such as "costs," but rather to interpreting what constitutes environmental pollution or impairment. Thus, we find that the concept of a common law of environmental quality, as stated in *Ray,* does not encompass misinterpretations of terms of art such as "costs" and does not support plaintiff's position.

Plaintiff also alleges that the *Piller* decision contravenes the doctrine of stare decisis. However, before *Piller,* this Court had issued opinions deciding the

issue both ways. The *Piller* panel found that the holding in *Taxpayer*, as it relates to attorney fees, was essentially dicta and concluded that the reasoning of the *PBB* case was more persuasive. Furthermore, before Administrative Order No. 1990-6, prior opinions of this Court were not binding on subsequent panels addressing the same issue. Consequently, for purposes of stare decisis, the *Piller* case, as the first case addressing the issue since 1990, represents the precedent-setting opinion and the one we are bound to follow.

Lastly, plaintiff argues that, as a matter of public policy, this Court should disagree with the *Piller* opinion because to hold that citizens who initiate environmental cases cannot recover attorney fees will have a chilling effect on such litigation. Although we are completely sympathetic to plaintiff's concern in this regard, we believe that this is a policy matter to be resolved by the Legislature, and not by this Court. As the statutory sections at issue are now written, we have no choice but to conclude that the Legislature did not intend for attorney fees to be recoverable under the MEPA.

Affirmed.