CADY v DICK LOEHR'S, INC

Docket No. 46905. Submitted June 5, 1980, at Grand Rapids.—Decided October 7, 1980.

Plaintiff, Robert M. Cady, brought an action against Dick Loehr's, Inc., and Georgie Boy Manufacturing, Inc., in the Kalamazoo Circuit Court, alleging breach of warranty. Plaintiff purchased a new motor home from Dick Loehr's, Inc., on October 27, 1975. The motor home had a chassis and engine manufactured by Ford Motor Company, tires manufactured and supplied by Goodyear Tire and Rubber Co., and a Mini Cruiser living assembly manufactured and installed by Georgie Boy. While driving home after having bought the motor home, plaintiff noticed a slight vibration in the vehicle. He though that the vibration was due to the motor home's nylon tires, which can develop a "flat spot" from sitting, and that the vibration would disappear when the tires warmed up. For the next four months the vehicle was used only for short city driving and for one 15-mile expressway trip to the dealer for a 1,000 mile check. Plaintiff noticed the vibration again on the trip to the dealer. In March, 1976, plaintiff and his wife took the motor home on a vacation trip. At this time, plaintiff discovered that the vibration did not disappear when the tires became warm. Although the trip had been planned to cover four states, plaintiff shortened the trip and visited only two states because of the annoying vibration. Upon returning home, plaintiff took the motor home to a Ford dealer who suggested that the vibration might be caused by a load distribution. Defendant Loehr's told plaintiff that the vibration was caused by a defective tire and wheel bearing but when plaintiff took the motor home to Goodyear Tire he was told that the tires were not defective. Finally, plaintiff contacted an attorney who wrote to Ford Motor Co., with copies to defendants, indicating the defect and demanding a cure. Georgie Boy replied and asked plaintiff to return the motor home to the Goergie Boy factory. Eventually, it was determined that the tires, while not defective, when installed on this particular unit combined in such a way as to cause

REFERENCE FOR POINTS IN HEADNOTE
[1] 22 Am Jur 2d, Damages §§ 165-168.

vibrations at certain speeds. Switching to a softer tire cured the vibration. There was a conflict in the testimony of the parties as to what next occurred. Richard Yost, service manager for Georgie Boy, testified that he informed Mrs. Cady that new tires would eliminate the vibration and offered to sell the new tires to her at wholesale price. He further stated that such an arrangement was unsatisfactory to Mrs. Cady. Mrs. Cady testified that Georgie Boy never mentioned anything about the Cadys buying new tires. Mrs. Cady stated that she received a call from the service manager who told her to come and get the motor home because Georgie Boy was not going to fix it. The Cadys picked up the motor home from Georgie Boy and took it to Loehr's to be sold. Leohr's called and told the Cadys they could cure the vibration with new tires for $350. Mr. Cady replied that he would spend no more money on the motor home. Loehr installed new tires anyway and sold the motor home for $9,000. The court, Robert L. Borsos, J., found that the vibrations were a major defect and prevented the plaintiff from using the motor home to make long trips which was the purpose of buying the vehicle. It also found that the vibrations were caused by the tires working with other parts of the vehicle and not just by the tires alone. The trial court further found that plaintiff acted within a reasonable time to revoke the contract. The court granted judgment for plaintiff against both defendants, including attorney's fees against Georgie Boy. Georgie Boy Manufacturing, Inc., appeals, claiming that the trial court's decision that there was a breach of warranty is not supported by the evidence and that the award of attorney fees is not authorized by law. *Held:*

1. Contrary to defendant's contentions, the trial court's findings that the vibrations were a major defect and that plaintiff acted within a reasonable time after discovery to rescind the contract are supported by the record.

2. Attorney fees are allowable, in the trial court's discretion, as an element of damages incurred as a result of a breach of warranty under the Uniform Commercial Code.

Affirmed.

Sales — Breach of Warranty — Damages — Attorney Fees — Statutes.

Attorney fees are allowable, in the trial court's discretion, as an element of damages incurred as a result of a breach of warranty under the Uniform Commercial Code (MCL 440.2714, 440.2715; MSA 19.2714, 19.2715).

*Stanley, Davidoff, Long & Gray, P.C.,* for plaintiff.

*Kennard R. Weaver (James M. Olson,* of counsel), for defendant Georgie Boy Manufacturing, Inc.

Before: R. B. BURNS, P.J., and MACKENZIE and J. T. KALLMAN,* JJ.

R. B. BURNS, P.J. Plaintiff instituted suit against the defendants for breach of warranty. The trial judge, in a nonjury trial, granted a judgment for plaintiff against defendant Georgie Boy Manufacturing, Inc., in the sum of $7,155.[1] The court also awarded plaintiff court costs plus his actual attorneys' fees as an additional cost. Defendant Georgie Boy appeals and we affirm.

On October 27, 1975, plaintiff purchased a new motor home from defendant Dick Loehr's, Inc. The motor home had a chassis and engine manufactured by Ford Motor Company, its tires were manufactured and supplied by Goodyear Tire and Rubber Co., and it had a Mini Cruiser living assembly that was manufactured and installed by Georgie Boy. While driving home after having bought the motor home, plaintiff noticed a slight vibration in the vehicle. He thought that the vibration was due to the motor home's nylon tires, which can develop a "flat spot" from sitting, and that the vibration would disappear when the tires warmed up. For the next four months the vehicle was only used for short city driving and for one 15-mile expressway trip to the dealer for a 1,000 mile check. Plaintiff noticed the vibration again on the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] A judgment in the sum of $500 was awarded against defendant Dick Loehr's, Inc. That award has not been appealed by Leohr's.

trip to the dealer. In March, 1976, plaintiff and his wife took the motor home on a vacation trip to the South. At this time plaintiff discovered that the vibration did not disappear when the tires became warm. Although the trip had been planned to cover four states plaintiff shortened the trip and visited only two states because of the annoying vibration.

Upon returning home, plaintiff took the motor home to a Ford dealer who suggested that the vibration might be caused by a load distribution. Defendant Loehr's told plaintiff that the vibration was caused by a defective tire and wheel bearing but when plaintiff took the motor home to Goodyear Tire he was told that the tires were not defective.

Finally, plaintiff contacted an attorney who wrote to Ford Motor Co., with copies to defendants, indicating the defect and demanding a cure. Georgie Boy replied and asked plaintiff to return the motor home to the Georgie Boy factory.

Eventually, it was determined that the tires, while not defective, when installed on this particular unit combined in such a way as to cause vibrations at certain speeds. Switching to a softer tire cured the vibration. There is a conflict in the testimony of the parties as to what next occurred. Richard Yost, service manager for Georgie Boy, testified that he informed Mrs. Cady that new tires would eliminate the vibration and offered to sell the new tires to her at wholesale price. He further stated that such an arrangement was unsatisfactory to Mrs. Cady.

Mrs. Cady testified that Georgie Boy never mentioned anything about the Cadys buying new tires. Mrs. Cady stated that she received a call from the service manager who told her to come and get the

motor home because Georgie Boy was not going to fix it. The Cadys picked up the motor home from Georgie Boy and took it to Loehr's to be sold. Loehr's called and told the Cadys they could cure the vibration with new tires for $350. Mr. Cady replied that he would spend no more money on the motor home. Loehr installed new tires anyway and sold the motor home for $9,000.

The trial judge found that the vibrations were a major defect and prevented the plaintiff from using the motor home to make long trips which was the purpose of buying the vehicle. He also found that the vibrations were caused by the tires working with other parts of the vehicle and not just by the tires alone. The trial court further found that plaintiff acted within a reasonable time to revoke the contract.

Georgie Boy Manufacturing, Inc., claims that the trial court's decision that there was a breach of warranty is not supported by the evidence, that the award of attorneys' fees is not authorized by law, and that the trial court's apportionment of damages—95% attributed to defendant Georgie Boy and 5% to Loehr's—is contrary to law and not support by the record.

Contrary to those contentions, in our opinion, the trial court's findings that the vibrations were a major defect and that plaintiff acted within a reasonable time after discovery to rescind the contract are supported by the record.

Georgie Boy had not cited any authority to substantiate its claim that the trial court's apportionment of damages was erroneous. The claim, therefore, will not be considered.

As to the award of attorneys' fees, it is a general rule that attorneys' fees are not ordinarily recoverable as costs. *In the Matter of the Attorney Fees of*

*Kelman, Loria, Downing, Schneider & Simpson,*
406 Mich 497, 503; 280 NW2d 457 (1979). Indeed,
most often attorneys' fees will not be awarded
absent statutory authority. *State Farm Mutual
Automobile Ins Co v Allen,* 50 Mich App 71, 74;
212 NW2d 821 (1973).

In the present case the trial court stated, "[t]he
Court does feel that under these circumstances
that not just the attorney fees that we usually
grant of $150.00 but the actual attorney fee is
proper in the sum of $2,930.00". Plaintiff main-
tains that he is entitled to recover the attorneys'
fees based upon the Michigan Uniform Commer-
cial Code which allows the recovery of consequen-
tial damages.[2] MCL 440.2714, 440.2715; MSA
19.2714, 19.2715. We have found no interpretation
of this statute by any appellate court in this state
which squarely resolves this issue.

MCL 440.2714(3); MSA 19.2714(3) provides that,
"[i]n a proper case any incidental and consequen-
tial damages under the next section may also be
recovered".

MCL 440.2715; MSA 19.2715 provides in part:

"(1) Incidental damages resulting from the seller's
breach include expenses reasonably incurred in inspec-
tion, receipt, transportation and care and custody of
goods rightfully rejected, and commercially reasonable
charges, expenses or commissions in connection with
effecting cover and *any other reasonable expense inci-
dent to the delay or other breach.*" (Emphasis added.)

This Court in *Taxpayers & Citizens in the Public*

---

[2] In the judgment the trial court indicated that plaintiff's attorneys'
fees were awarded as an "additional cost". We have not reached the
issue of whether the attorneys' fees are recoverable as a cost since we
have found that they are recoverable as incidental or consequential
damages. *Peninsular Construction Co v Murray,* 365 Mich 694, 699;
114 NW2d 202 (1962).

*Interest v Dep't of State Highways,* 70 Mich App 385; 245 NW2d 761 (1976), and *Superior Public Rights, Inc v Dep't of Natural Resources,* 80 Mich App 72; 263 NW2d 290 (1977), held that under section 3(3) of the Environmental Protection Act, MCL 691.1203(3); MSA 14.528(203)(3), the clause "[c]osts may be apportioned to the parties if the interests of justice require" gave the trial judge the right to exercise his discretion to grant attorneys' fees.

Similarly, we find that the language of MCL 440.2714, 440.2715; MSA 19.2714, 19.2715, confers on the trial court discretion to award attorneys' fees as an element of the damages incurred as a result of a breach of warranty. Under the facts of this case, the trial court's exercise of its discretion to award attorneys' fees as a "reasonable expense incident to the breach" was proper.

Affirmed. Costs to plaintiff.