AUTO-OWNERS INSURANCE COMPANY v BIDDIS

Docket No. 60257. Submitted December 10, 1982, at Lansing.—Decided February 10, 1983.

Auto-Owners Insurance Company brought an action in Genesee Circuit Court seeking from Michael S. Biddis, owner and driver of an uninsured automobile involved in an accident, recovery of benefits paid by Auto-Owners on an assigned claim arising out of the accident plus the statutory costs of adjustment of the assigned claim. Plaintiff moved for summary judgment. Harry B. McAra, J., denied the motion for summary judgment. Plaintiff appealed to the Court of Appeals on leave granted, and the Court of Appeals reversed and remanded. 107 Mich App 173 (1980). On remand, the trial court entered judgment in favor of plaintiff but refused to award attorney fees to plaintiff. Plaintiff appeals by leave granted. *Held:*

Generally attorney fees may not be awarded unless expressly authorized by either statute or court rule. The statutory provision providing that an insurance carrier which makes payment of benefits on an assigned claim may recover from the owner of the uninsured automobile those benefits paid plus "appropriate loss adjustment costs" is sufficient to authorize the award of attorney fees to the insurance carrier which has brought an action to recover such payments and costs. Permitting the award of attorney fees to an insurance carrier under such circumstances is consistent with the legislative intent that the carrier should break even and the uninsured motorist should bear the cost of the operation of the assigned claim system.

Reversed and remanded.

1. ATTORNEY AND CLIENT — ATTORNEY FEES.

Generally, attorney fees should not be recovered as costs or as damages unless expressly authorized by statute or court rule.

2. ATTORNEY AND CLIENT — ATTORNEY FEES — NO-FAULT INSURANCE — ASSIGNED CLAIMS.

The phrase "appropriate loss adjustment cost" as used in the

REFERENCES FOR POINTS IN HEADNOTES

[1] 20 Am Jur 2d, Costs § 72 *et seq.*

[2] 7 Am Jur 2d, Automobile Insurance § 345.

automobile no-fault insurance act with respect to assigned claims permits the recovery of attorney fees by an insurance carrier in a suit by the insurance carrier to recover from the uninsured motorist the benefits paid under the assigned claim plus the costs incurred in the handling of the claim (MCL 500.3177; MSA 24.13177).

*Rubenstein, Pruchnicki Chittle & Smith* (by *Alan M. Smith),* for plaintiff.

Before: BRONSON, P.J., and T. M. BURNS and ALLEN, JJ.

PER CURIAM. On July 28, 1981, the trial judge entered an order granting a $42,040.67 judgment for plaintiff but refused to grant attorney fees. Plaintiff appeals by leave granted from this refusal.

This is the second time this case is before this Court. The facts are found in our first opinion:

"On May 23, 1977, a motor vehicle accident involving a car owned and driven by defendant, Michael Stanley Biddis, and the second vehicle driven by Manuel Mello resulted in serious injuries to defendant's passenger, Diedre Ann Biddis. Because defendant's motor vehicle was uninsured, Diedre Biddis filed an application with the Assigned Claims Facility pursuant to § 3172 of the no-fault automobile insurance act. MCL 500.3172; MSA 24.13137. The claim was assigned to plaintiff, Auto-Owners Insurance Company, which paid Diedre Biddis benefits totalling $34,098.98. Plaintiff, seeking to recover this money plus costs in handling the assigned claim pursuant to § 3177 of the no-fault automobile insurance act, MCL 500.3177; MSA 24.13177, commenced this suit against defendant as owner and operator of the uninsured vehicle." *Auto-Owners Ins Co v Biddis,* 107 Mich App 173, 174; 309 NW2d 192 (1981).

At that time, this Court ruled that plaintiff was entitled to recover against defendant even without

establishing defendant's fault. On remand, the trial judge entered a judgment in favor of plaintiff but refused to award attorney fees.

MCL 500.3177; MSA 24.13177 states:

"An insurer obligated to pay personal protection insurance benefits for accidental bodily injury to a person occupying an uninsured motor vehicle or to the spouse or relative resident in the household of the owner or registrant of an uninsured motor vehicle may recover such benefits paid and *appropriate loss adjustment costs incurred from the owner or registrant of the uninsured motor vehicle or from his estate.*" (Emphasis added.)

The question before us is whether the words "loss adjustment costs" in this statute allow the trial judge to award attorney fees.[1]

Generally in Michigan, attorney fees may not be awarded unless expressly authorized by either statute or court rule. *Davis v Koch,* 118 Mich App 529; 325 NW2d 482 (1982); *State Farm Mutual Automobile Ins Co v Allen,* 50 Mich App 71; 212 NW2d 821 (1973). In fact, "[t]he general rule in Michigan prohibits the awarding of attorney's fees as an element of cost of damages". *H & L Heating Co v Bryn Mawr Apartments of Ypsilanti, Ltd,* 97 Mich App 496, 506; 296 NW2d 354 (1980).

This Court, however, has found exceptions in two analogous situations. MCL 691.1203(3); MSA 14.528(203)(3) (§ 3 of the Thomas J. Anderson, Gordon Rockwell Environmental Protection Act) states:

"Costs may be apportioned to the parties if the interests of justice require."

[1] "Loss adjustment costs" include litigation costs. OAG, 1981, No 6016, p 491 (December 1, 1981).

Even though this section does not expressly use the words "attorney fees", this Court has held that it gives the trial judge discretion to award them. *Three Lakes Ass'n v Kessler,* 101 Mich App 170; 300 NW2d 485 (1980), *lv den* 411 Mich 1056 (1981); *Superior Public Rights, Inc v Dep't of Natural Resources,* 80 Mich App 72; 263 NW2d 290 (1977), *lv den* 406 Mich 926 (1979);[2] *Taxpayers & Citizens in the Public Interest v Dep't of State Highways,* 70 Mich App 385; 245 NW2d 761 (1976).

Section 2715 of the Uniform Commercial Code, MCL 440.2715(1); MSA 19.2715(1), states:

"Incidental damages resulting from the seller's breach include expenses reasonably incurred in inspection, receipt, transportation and care and custody of goods rightfully rejected, any commercially reasonable charges, expenses or commissions in connection with effecting cover and any other reasonable expense incidental to the delay of other breach."

Relying on *Superior* and *Taxpayers,* this Court ruled in *Cady v Dick Loehr's, Inc,* 100 Mich App 543; 299 NW2d 69 (1980), that this statute confers discretion on the trial judge to award attorney fees as an element of damages for breach of warranty.

The assigned claims provisions of the no-fault act clearly indicate that uninsured motorists are to be penalized by personally bearing all economic costs, without regard to fault, which might have been avoided if they had complied with the act's mandatory insurance provisions. Therefore, the insurer assigned to the claim should be able to reach a break-even point. To deny the insurer recovery of reasonable attorney fees would impose

---

[2] We do realize that *Superior* has been criticized in *Oscoda Chapter of PBB Action Committee, Inc v Dep't of Natural Resources,* 115 Mich App 356; 320 NW2d 376 (1982).

on the system costs which we believe the Legislature has directed uninsured motorists to bear. As such, we believe that the phrase "loss adjustment costs" in this act includes reasonable attorney fees, and such fees should be awarded in this case.

Reversed and remanded with instructions to proceed consistent with this opinion.