LOCKHART v LOCKHART

Docket No. 81798. Submitted December 4, 1985, at Detroit.—Decided
    February 4, 1986.
    Plaintiff, Jimmie Lee Lockhart, Sr., filed a complaint for divorce
    against defendant, Karen Lockhart, in Wayne Circuit Court.
    Plaintiff alleged, *inter alia,* that he was not the father of the
    infant which defendant gave birth to sixteen days after the
    marriage ceremony took place. After trial, the circuit court,
    Richard C. Kaufman, J., in its judgment dissolving the mar-
    riage, ordered defendant and defendant's counsel to pay plain-
    tiff's attorney fees. The trial court specifically found that a
    human leukocyte antigen (HLA) blood test conclusively ex-
    cluded plaintiff from the possibility of being the child's father.
    The trial court further found that defendant's attorney had
    violated the Code of Professional Responsibility by failing to
    disclose to the trial court that his client had perpetrated a
    fraud and by continuing to claim that plaintiff was the child's
    father after the HLA blood test results were disclosed to the
    parties and their respective attorneys. Defendant appealed.
    *Held:*
        The trial court had no authority, either by statute or court
    rule, to require defendant's counsel to pay plaintiff's attorney
    fees.
        Judgment vacated in part.

1. ATTORNEY AND CLIENT — ATTORNEY FEES.
    Generally, attorney fees should not be recovered as costs or as
    damages unless expressly authorized by statute or court rule.

2. ATTORNEY AND CLIENT — ATTORNEY FEES — COURT RULES.
    The court rule which governs imposition of costs for an unwar-
    ranted allegation or denial set forth in a party's pleadings only
    authorizes the imposition of reasonable attorney fees against a

REFERENCES
Am Jur 2d, Attorneys at Law §§ 25 *et seq.,* 121-128, 237 *et seq.*
Am Jur 2d, Divorce and Separation §§ 586 *et seq.*
Amount of attorneys' fees in matters involving domestic relations.
    59 ALR3d 152.

party; the rule does not apply to a party's attorney (GCR 1963, 111.6, now MCR 2.114[E]).

3. ATTORNEY AND CLIENT — ATTORNEY FEES — DIVORCE.

The statute which authorizes payment of attorney fees in domestic relations cases does not empower a trial court to order a party's attorney to pay the opposing party's attorney fees (MCL 552.13[1]; MSA 25.93[1]).

4. ATTORNEY AND CLIENT — CODE OF PROFESSIONAL RESPONSIBILITY — ATTORNEY MISCONDUCT.

When a judge has reason to believe that an attorney has violated a disciplinary rule under the Code of Professional Responsibility, the correct procedure to follow is to disclose such information to the Attorney Grievance Commission for investigation, not to summarily assess him or her the opposing party's attorney fees (MCR 9.100 *et seq.*).

*Monash & Monash, P.C.* (by *Harold R. Goldberg),* for plaintiff.

*Seymour Markowitz* and *Steven M. Kaplan,* for defendant.

Before: MacKENZIE, P.J., and D. F. WALSH and SHEPHERD, JJ.

PER CURIAM. Defendant appeals as of right from the parties' judgment of divorce. The sole issue on appeal is whether the trial court was empowered to include in the judgment a provision ordering defendant's counsel to pay certain of plaintiff's attorney fees as a sanction for a perceived violation of the Code of Professional Responsibility. We hold that the court lacked the authority to so order.

Plaintiff and defendant were married on May 4, 1982. At the time of the marriage, plaintiff-husband was 68 years old and defendant-wife was 22. Sixteen days after the marriage took place, defendant gave birth to a daughter, Simone.

Plaintiff filed a complaint for divorce on Novem-

ber 24, 1982, alleging, *inter alia,* that he was not Simone's natural father. By amended answer filed March 11, 1983, defendant denied the allegation. On September 21, 1983, the parties were ordered to submit to human leukocyte antigen (HLA) blood testing. The test results, which conclusively excluded plaintiff as Simone's biological father, were submitted to both parties' attorneys on November 11, 1983. Defendant nevertheless continued to claim that plaintiff was Simone's father.

The case went to trial on June 28, 1984. Defendant persisted in her claim that plaintiff was Simone's biological father. At the conclusion of the trial, the judge specifically found that plaintiff was not the father of the child and that the proceedings had been solely caused or perpetuated by the fraud and perjury of defendant. The court consequently ordered defendant to pay plaintiff's attorney fees at the rate of $100 per hour. This assessment is not challenged on appeal. The court also assessed attorney fees in favor of plaintiff against defendant's attorney, Seymour Markowitz:

"In addition, I think there are grounds here under the Code of Professional Responsibility, CANON 7, Section DR 7-102, which says:

" '(B) A lawyer who receives information clearly establishing that:

" 'His client has, in the course of the representation, perpetrated a fraud upon a person or tribunal shall promptly call upon his client to rectify the same, and if his client refuses or is unable to do so, he shall reveal the fraud to the affected person or tribunal.' "

"Without question, prior to the date of the blood test, November 11th, 1983, Mr. Markowitz had to accept what his client said. However, upon receiving that report and upon having knowledge—or he should have known—that this type of blood test is one-hundred-percent accurate and, in substance, that the report sets forth irrefutable results as to nonpaternity, I find that

that falls within information that is alluded to in the Code of Professional Responsibility that I talked about. At no times do I see in this record that he took any of the actions that should have been precipitated by that blood test.

"Based upon that, it seems to me that all of the work of plaintiff's counsel subsequent to the date of November 11th, 1983, was caused by the inaction of defense counsel, and all of the hours of preparation by the attorney for the plaintiff since November 11th will also be assessed against defense counsel".

On November 7, 1984, the court entered a judgment of divorce which included a provision ordering Markowitz to pay plaintiff's attorney fees at the rate of $100 per hour for services rendered from November 11, 1983, forward.

Generally in Michigan, attorney fees may not be awarded unless expressly authorized by either statute or court rule. *Auto-Owners Ins Co v Biddis,* 123 Mich App 232, 235; 333 NW2d 232 (1983); *Newport West Condominium Ass'n v Veniar,* 134 Mich App 1, 17; 350 NW2d 818 (1984). Defendant maintains that, in the instant case, neither statute nor court rule empowered the court to assess attorney fees against her attorney. We agree.

GCR 1963, 111.6 now MCR 2.114(E), governs imposition of costs for an unwarranted allegation or denial set forth in a party's pleadings. That rule provides:

"If it appears at the trial that any fact alleged or denied by a pleading ought not to have been so alleged or denied and such fact if alleged is not proved or if denied is proved or admitted, the court may, if the allegation or denial is unreasonable, require the party making such allegation or denial to pay to the adverse party the reasonable expenses incurred in proving or preparing to prove or disprove such fact as the case may be, including reasonable attorney fees."

By its express language, GCR 1963, 111.6 only authorizes the imposition of reasonable attorney fees against a *party.* The rule thus lends no authority for the assessment of fees against defendant's attorney. Moreover, the rule provides for payment of "reasonable expenses incurred". The net effect of the trial court's order, however, is not to reimburse reasonable expenses, but to require double payment for services rendered after November 11, 1983.

Similarly, MCL 552.13(1); MSA 25.93(1), which authorizes payment of attorney fees in domestic relations cases, does not empower a trial court to order a party's lawyer to pay the opposing party's attorney's fee. That statute provides, "In every action brought * * * for a divorce * * * the court may require either party * * * to pay any sums necessary to enable the adverse party to carry on or defend the action, during its pendency". Like the above court rule, the express language of the statute only authorizes the court to order "a party" to pay attorney fees. Furthermore, the award must reflect "sums necessary" to the litigation. Obviously, the court-ordered double payment did not so reflect.

Plaintiff contends that authority for the court's ruling can be found in GCR 1963, 114, now MCR 2.114, governing signature and verification of pleadings. The contention is without merit. The pleadings governed by GCR 1963, 114, were filed several months before the HLA test results were submitted to Markowitz. The trial court, however, specifically found that Markowitz was remiss in continuing to advocate plaintiff's paternity only *subsequent* to his receipt of the test results. We do not believe that GCR 1963, 114 envisions disciplining a person who signs or verifies a pleading containing an allegation which could reasonably

be believed to be true when subscribed but which is later determined to be unfounded. Plaintiff's reference to MCR 2.114(E) fails for the same reason. Additionally, that rule was not in effect at the time of the instant action.

Subchapter 9.100 of the Michigan Court Rules of 1985 fully outlines the procedure to be used when attorney misconduct, including violation of the Code of Professional Responsibility, is alleged to have occurred. When a judge has reason to believe that an attorney has violated a disciplinary rule under the Code of Professional Responsibility, the correct procedure to follow is to disclose such information to the Attorney Grievance Commission for investigation, not to summarily assess him or her the opposing party's attorney fees. However, we do note that the trial court's remedy might be more apt to deter attorneys from this kind of violation than presently available sanctions. We understand the trial court's frustration with defendant's posture at trial and agree with the court that in the face of virtually irrefutable evidence of plaintiff's nonpaternity, protracted litigation of the issue was needless. We also acknowledge the court's broad powers over the conduct of proceedings within the courtroom. Because the court lacked authority to require defendant's counsel to pay plaintiff's attorney fees, however, we conclude that the court's order constituted an abuse of discretion. Accordingly, we vacate that portion of the judgment of divorce assessing payment of plaintiff's attorney fees against Markowitz.

Vacated in part.