# STATE OF MICHIGAN

# COURT OF APPEALS

---

CHARTER TOWNSHIP OF ROYAL OAK,

                Plaintiff-Appellee/Cross-Appellant,

v

JANICE BRINKLEY,

                Defendant-Appellant/Cross-
                Appellee,

and

CHARTER TOWNSHIP OF ROYAL OAK
CLERK,

                Defendant.

UNPUBLISHED
December 3, 2015

No. 324197
Oakland Circuit Court
LC No. 2013-136281-AW

---

Before: SERVITTO, P.J., and WILDER and BOONSTRA, JJ.

PER CURIAM.

Defendant, Janice Brinkley, appeals as of right the trial court's denial of her motion for costs and attorney fees, submitted after the trial court granted summary disposition in her favor. Plaintiff, Charter Township of Royal Oak, cross-appeals from the trial court's denial of its motions for preliminary and permanent injunctions, one of the trial court's discovery rulings, and the trial court's legal ruling concerning a written request pursuant to MCL 42.7(2). We affirm in all respects, except that we remand for the trial court to address defendant's argument that certain identified documents were signed by plaintiff or its representatives in bad faith in violation of MCR 2.114(D) and thus whether defendant was entitled to sanctions under MCR 2.114(E).

Plaintiff filed a complaint for a writ of mandamus, declaratory judgment and injunctive relief against defendant in her capacity as clerk for plaintiff, contending that defendant neglected and/or refused to perform certain statutory obligations and authorized directives as clerk. After a hearing, the trial court denied plaintiff's request for a preliminary injunction. Shortly thereafter, defendant moved for summary disposition in her favor pursuant to MCR 2.116(C)(10), essentially contending that there was no material question of fact that she did not, in fact, breach any statutory duty or law in her function as clerk. The trial court granted defendant's motion, but denied her later motion for costs and fees, finding that plaintiff's complaint was not frivolous at the time it was filed. These appeals followed.

## I. Defendant's appeal

Defendant asserts that the trial court should have granted her motion for costs and attorney fees because the documents submitted by plaintiff were signed in bad faith and because the complaint against her was frivolous. We do not find that the complaint was frivolous, but remand to the trial court to address defendant's claims of bad faith.

Whether a document was signed in violation of a court rule is a question of fact, which is reviewed by an appellate court for clear error. MCR 2.613(C); *Contel Sys Corp v Gores*, 183 Mich App 706, 711; 455 NW2d 398 (1990). A trial court's factual finding regarding whether an action is frivolous is also reviewed for clear error. *Kitchen v Kitchen*, 465 Mich 654, 661; 641 NW2d 245 (2002). A court's ultimate ruling as to a request for sanctions under MCR 2.114 is reviewed for an abuse of discretion. *Sprenger v Bickle*, 307 Mich App 411, 422-423; 861 NW2d 52 (2014).

Under MCR 2.114(D), the signature of an attorney or party on a pleading, motion, or affidavit constitutes a certification by the signer that:

(1) he or she has read the document;

(2) to the best of his or her knowledge, information, and belief formed after reasonable inquiry, the document is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law; and

(3) the document is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

If a document is signed in violation of MCR 2.114(D), the trial court shall impose an appropriate sanction upon the person who signed the document. MCR 2.114(E). Upon a finding that a violation has occurred, imposition of sanctions as provided for by MCR 2.114(E) is mandatory. *Guerrero v Smith*, 280 Mich App 647, 678; 761 NW2d 723 (2008).

In addition, a party pleading a frivolous claim is subject to costs under MCR 2.625(A)(2). See MCR 2.114(F). MCR 2.625(A)(2) provides that if, on motion of a party, the court finds that an action was frivolous, costs shall be awarded as set forth in MCL 600.2591. That statute, in turn, provides:

(1) Upon motion of any party, if a court finds that a civil action or defense to a civil action was frivolous, the court that conducts the civil action shall award to the prevailing party the costs and fees incurred by that party in connection with the civil action by assessing the costs and fees against the nonprevailing party and their attorney.

(2) The amount of costs and fees awarded under this section shall include all reasonable costs actually incurred by the prevailing party and any costs allowed by law or by court rule, including court costs and reasonable attorney fees.

"Frivolous" is defined in MCL 600.2591(3)(a) as meeting one of the following conditions:

(i) The party's primary purpose in initiating the action or asserting the defense was to harass, embarrass, or injure the prevailing party.

(ii) The party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true.

(iii) The party's legal position was devoid of arguable legal merit.

The frivolous claims provisions impose an affirmative duty on each attorney to conduct a reasonable inquiry into the factual and legal viability of a pleading before it is signed. *Attorney Gen v Harkins*, 257 Mich App 564, 576; 669 NW2d 296 (2003). To determine whether sanctions are appropriate under MCL 600.2591, the trial court evaluates the claims or defenses at issue at the time they were made, *In re Costs & Attorney Fees*, 250 Mich App 89, 94-95; 645 NW2d 697 (2002), using an objective standard to determine if the inquiry made by the attorney to investigate the claim before filing suit was reasonable. *Harkins*, 257 Mich App at 576. That the alleged facts are later discovered to be untrue does not invalidate a prior reasonable inquiry. *Lockhart v Lockhart*, 149 Mich App 10, 14–15; 385 NW2d 709 (1986). Nor does every error in legal analysis constitute a frivolous position. *Robert A Hansen Family Trust v FGH Indus, LLC*, 279 Mich App 468, 486; 760 NW2d 526 (2008).

In her motion for costs and attorney fees, defendant raised the argument that not only was plaintiff's complaint frivolous, but that the township supervisor and the township attorney had signed pleadings and other documents in bad faith in violation of MCR 2.114. In her motion, as on appeal, defendant asserted that the complaint, the township supervisor's affidavit, plaintiff's motion to show cause, and plaintiff's answer to defendant's motion for summary disposition were signed in bad faith. Defendant provided evidence to support her claims. Ruling on defendant's motion, the trial court only addressed defendant's counter-position that the complaint was not frivolous. Appellate review is typically limited to issues actually decided by the trial court. *People v Giovannini*, 271 Mich App 409, 414; 722 NW2d 237 (2006). Because the trial court did not address the fact-specific inquiry concerning whether the identified documents were signed in bad faith, there is no decision capable of review by this Court. Remand is therefore necessary for the trial court to consider whether the claimed documents were signed in bad faith, as asserted by defendant.

As to whether the complaint was frivolous when filed, plaintiff alleged in its complaint that defendant's actions (or inactions) in her duties as township clerk placed plaintiff in a position of potential financial crises and disruption in township affairs. It is undisputed that at the time of the complaint, the township was having financial difficulties and was having difficulties functioning in general. Defendant's actions, which included an admitted inadvertent error in transmitting necessary documents to the Michigan Department of Treasury and purportedly failing to ensure that the township's financial records were up to date, could have reasonably been viewed as the alleged neglect of duties asserted by plaintiff and to have caused or contributed to its precarious position. The trial court's finding that the complaint was not frivolous, when filed, was therefore not clearly erroneous.

## II. Plaintiff's Cross-Appeal

Plaintiff appeals four separate orders of the trial court, beginning with its denial of plaintiff's motion for a preliminary injunction. We review a trial court's decision concerning injunctive relief for an abuse of discretion. *Pontiac Fire Fighters Union Local 376 v City of Pontiac*, 482 Mich 1, 8; 753 NW2d 595 (2008). An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes. *Id*.

The purpose of a preliminary injunction is to preserve the "status quo pending a final hearing regarding the parties' rights." *Hammel v Speaker of House of Representatives*, 297 Mich App 641, 647; 825 NW2d 616 (2012). A preliminary injunction request requires the trial court to evaluate whether "(1) the moving party made the required demonstration of irreparable harm, (2) the harm to the applicant absent such an injunction outweighs the harm it would cause to the adverse party, (3) the moving party showed that it is likely to prevail on the merits, and (4) there will be harm to the public interest if an injunction is issued." *Detroit Fire Fighters Ass'n, IAFF Local 344 v City of Detroit*, 482 Mich 18, 34; 753 NW2d 579 (2008).

Here, in conjunction with its complaint plaintiff moved for a preliminary injunction seeking to enjoin defendant from "prohibition of the Township Supervisor and the Township Analyst to all financial fund modules in the name of the Township;" shredding any public records of the township, and; "any other act which prohibits the Township Supervisor and Township Financial Analyst from performing Board authorized directives." Plaintiff also asked the trial court to declare and order defendant to perform her non-discretionary statutory and board-mandated duties. In an October 9, 2013, order following the hearing on plaintiff's motion, the trial court denied plaintiff's motion for a preliminary injunction but ordered defendant to "perform all functions of the Office of Township Clerk of the Charter Township of Royal Oak including all discretionary as well as non-discretionary functions, obligations and duties, subject to the continuing jurisdiction of this Court and its contempt powers." The trial court further ordered that defendant execute all resolutions submitted to her by plaintiff.

Plaintiff indicated in its appeal brief that the pleadings showed little if any harm to defendant if a preliminary injunction were to enter and would instead, simply "admonish the clerk to perform that which she was already obligated to perform." In its order following hearing, the trial court did exactly that. The name given to the order (denying the motion for a preliminary injunction) is irrelevant. Plaintiff essentially received the relief it sought in its request for a preliminary injunction, albeit in different verbiage. This issue is thus moot.

Plaintiff next takes issue with the trial court's denial of its request for discovery of defendant's 2012 redacted tax return. Generally, we review the grant or denial of discovery for an abuse of discretion. *Augustine v Allstate Ins Co*, 292 Mich App 408, 419; 807 NW2d 77 (2011).

Our court rules implement "an open, broad discovery policy . . . ." *Cabrera v Ekema*, 265 Mich App 402, 406; 695 NW2d 78 (2005). MCR 2.302(B)(1) provides, in relevant part, that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of another party . . . ." However, a trial court

should also protect the interests of a party opposing a discovery request so as not to subject that party to excessive, abusive, or irrelevant discovery requests. *Bronson Methodist Hosp v Auto-Owners Ins Co*, 295 Mich App 431, 443; 814 NW2d 670 (2012), quoting *Cabrera*, 265 Mich App at 407. Thus, a party may request and, for good cause shown, the trial court may issue a protective order precluding discovery of the requested information, or allowing the requested discovery to be had within specified limitations. MCR 2.302(C).

In this case, plaintiff sought discovery of, and defendant sought a protective order concerning the discovery of, defendant's redacted 2012 income tax returns. The trial court issued an order protecting the tax return from discovery. The trial court did not abuse its discretion in doing so.

Plaintiff's specified reason for seeking discovery of this document was to determine whether defendant had other outside employment "that may have prevented her from performing her clerk duties." However, the production of defendant's income tax return is clearly not relevant in determining whether, as alleged in plaintiff's complaint, defendant "wrongfully and willfully failed to perform her statutory obligations and the authorized Board directives." If, in fact, defendant had wrongfully and willfully failed to perform her duties as clerk, her reason for doing so was irrelevant. To be discoverable, a document must be relevant. MCR 2.302(B)(1); *Davis v O'Brien*, 152 Mich App 495, 505; 393 NW2d 914 (1986). Because whether defendant had outside employment was not relevant or reasonably calculated to lead to the discovery of admissible evidence concerning whether defendant did, in fact, wrongfully and willfully fail to perform her statutory duties as clerk, the trial court did not abuse its discretion in denying plaintiff's request for defendant's redacted 2012 tax return.

Plaintiff next asserts that the trial court erred as a matter of law in holding that a text message did not constitute a written request in accordance with the requirements of MCL 42.7(2). The proper interpretation of a statute is a legal question that this Court reviews de novo. *McCormick v Carrier*, 487 Mich 180, 188; 795 NW2d 517 (2010).

As previously indicated, the trial court's October 9, 2013, order directed defendant to perform all of the discretionary and non-discretionary functions, obligations, and duties of clerk. According to plaintiff, defendant failed to do so when, on two occasions, she failed to request a special meeting of the Township Board of Trustees despite having received a request for the same by way of, in one instance, an email, and, in the second instance, a text message from the township supervisor. The trial court denied plaintiff's motion to show cause why defendant should not be held in contempt of the trial court's October 9, 2013, order, determining that the relevant statute requires 24 hour written notice in advance of any special meeting. Implicit in the trial court's ruling is that a text message did not qualify as written notice.

MCL 42.7 provides that:

***

(2) A special meeting of the township board shall be called by the township clerk pursuant to subsection (3) on the written request of the supervisor or of 2 members of the township board and on at least 24 hours' written notice to each

-5-

member of the township board.  The notice shall designate the time, place, and purpose of the meeting and shall be served personally or left at the member's usual place of residence by the township clerk or someone designated by the township clerk.

(3) The business that the board may perform shall be conducted at a public meeting of the board held in compliance with the open meetings act, Act No. 267 of the Public Acts of 1976, being sections 15.261 to 15.275 of the Michigan Compiled Laws.  Public notice of the time, date, and place of the meeting shall be given in the manner required by Act No. 267 of the Public Acts of 1976.

According to an affidavit of the township supervisor, Donna Squalls, on February 2, 2014, at 1:53 pm, she sent an email to defendant, requesting that defendant post notice of a special meeting of the township board for February 3, 2014, at 12:00 p.m.  When she received no response from defendant, Squalls followed up with two other emails and, still receiving no response, drafted and posted the special meeting notice herself at 5:45 p.m. on February 2, 2014.

The trial court made no ruling as to whether the emails constituted a "written request" under MCL 42.7(2).  However, its determination that defendant's refusal or failure to call a special meeting on February 3, 2014, was not a violation of the trial court's October 9, 2013, order was correct, given that MCL 42.7(2) requires that the township clerk call a special meeting of the board on written request from the supervisor *and* "on at least 24 hours' written notice to each member of the township board . . . ."  Because Squalls request to defendant for the February 3, 2014, meeting was made to defendant less than 24 hours prior to the requested meeting time, defendant could not have complied with her statutory duty to provide 24 hours written notice of the requested meeting to each member of the board.  Defendant's failure/refusal to call the meeting was thus not a violation of the trial court's order that she perform all of the discretionary and non-discretionary functions, obligations, and duties of clerk.

With respect to the second instance, Squalls attested that on February 27, 2014, the board could not have its regularly scheduled meeting because there was no quorum.[1]  Squalls thus requested, through the deputy clerk, that a special meeting be held on March 3, 2014.  According to Squalls, on the afternoon of Sunday, March 2, 2014, she received text messages from defendant and another board member indicating that they would not be able to attend the March 3, 2014, meeting.  Squalls attested that she immediately contacted another board member, who indicated that he would not be able to attend the special meeting until 9:00 p.m.  Squalls contacted two other board members, who indicated that a 9:00 p.m. meeting on March 3, 2014, would be acceptable.  According to Squalls, she sent a text message to defendant at 3:49 p.m. on March 2, 2014, requesting that she set a special meeting for 9:00 p.m. on March 3, 2014, because

---

[1] "Four members of the township board are a quorum for the transaction of business at a meeting, but, in the absence of a quorum, 2 members may adjourn a regular or special meeting to a later date." MCL 42.7(5).

there would be a quorum. Squalls received the special meeting notice at her home one hour later, but noted that it contained a 7:30 p.m. meeting time. Squalls immediately called defendant but, receiving no response, sent a text message to defendant at 5:12 p.m. advising that she had put the wrong meeting time on the notice and requesting that she correct it. Defendant did not do so and the meeting was not held.

The phrase "written request" is not defined in the Charter Township Act. Defendant directs this Court to MCL 8.3q in support of its argument that a text message does not constitute a written request.[2] That statute states, in relevant part, "[t]he words 'written' and 'in writing' shall be construed to include printing, engraving, and lithographing . . . ." Notably, however, MCL 8.3q does not *limit* the words "written" and "in writing" to the identified forms but merely states that the identified forms are *included* in the definition of the stated terms.

Other statutes addressing written requests have been more generous in their definitions of this phrase. For example, MCL 15.232(i), found in the Freedom of Information Act (FOIA), defines "written request" for purposes of that act as "a writing that asks for information, and includes a writing transmitted by facsimile, electronic mail, or other electronic means." On the other hand, the FOIA also requires that a FOIA coordinator "shall keep a copy of all written requests for public records on file for no less than 1 year." MCL 15.233(2). If, as plaintiff contends, a text message sent via telephone constitutes a written request, it would be difficult to conceive of how compliance with MCL 15.233(2) could be achieved.

In any event, the trial court's decision as to whether a text message could be considered a "written request" under MCL 42.7(2) is of no moment because even if this decision constituted an abuse of discretion (i.e., that the text message was a written request and defendant should have posted the notice), the trial court was not *required* to find that defendant violated its October 9, 2013, order or was otherwise in contempt of court—which is the relief that plaintiff sought. Under MCL 600.1701 courts have the power to punish, by fines, imprisonment, or both, those who disobey any lawful order of the court. "The power to hold a party, attorney, or other person in contempt is the ultimate sanction the trial court has within its arsenal, allowing it to punish past transgressions, compel future adherence to the rules of engagement, i.e., the court rules and court orders, or compensate the complainant." *In re Contempt of Auto Club Ins Ass'n*, 243 Mich App 697, 708; 624 NW2d 443 (2000). The power to hold a party in contempt being so great, it carries with it the equally great responsibility to apply it judiciously and only when the contempt is clearly and unequivocally shown. *Id*. (citation omitted). Whether to find a party in contempt of a trial court's order is within the discretion of the court. *Porter v Porter*, 285 Mich App 450, 454; 776 NW2d 377 (2009). Given the lack of clarity concerning where emerging technology such as text messages fits into existing statutory definitions concerning "written requests" or "writings," the trial court did not abuse its discretion in declining to find the

---

[2] MCL 8.3 provides, "In the construction of the statutes of this state, the rules stated in sections 3a to 3w shall be observed, unless such construction would be inconsistent with the manifest intent of the legislature."

defendant was in contempt of court when she did not comply with a texted request to post notice of a special meeting.

Finally, plaintiff claims that the trial court abused its discretion in denying its motion for a permanent injunction. A trial court's decision to grant or deny injunctive relief is reviewed for an abuse of discretion. *Janet Travis, Inc v Preka Holdings, LLC*, 306 Mich App 266, 274; 856 NW2d 206 (2014).

"Injunctive relief is an extraordinary remedy that issues only when justice requires, there is no adequate remedy at law, and there exists a real and imminent danger of irreparable injury." *Kernen v Homestead Dev Co*, 232 Mich App 503, 509; 591 NW2d 369, 372 (1998). Our Court weighs the following factors when it determines whether the trial court properly issued or denied a permanent injunction:

> (a) the nature of the interest to be protected, (b) the relative adequacy to the plaintiff of injunction and of other remedies, (c) any unreasonable delay by the plaintiff in bringing suit, (d) any related misconduct on the part of the plaintiff, (e) the relative hardship likely to result to defendant if an injunction is granted and to plaintiff if it is denied, (f) the interests of third persons and of the public, and (g) the practicability of framing and enforcing the order or judgment. [*Janet Travis, Inc*, 306 Mich App at 274-75].

Generally, the court will balance the benefit of an injunction to plaintiff against the inconvenience and damage to defendant, and grant an injunction as seems most consistent with justice and equity under all the circumstances of the case. *Wiggins*, 291 Mich App at 559.

In response to defendant's motion for summary disposition, plaintiff indicated that it also believed that dismissal of the case was appropriate as most of the issues leading to initiation of the lawsuit had been resolved, with only three lingering issues remaining that could be addressed through issuance of a permanent injunction included in the trial court's dismissal order. At oral argument on the motion, both counsel indicated that there appeared to be no remaining issues for defendant to address, given that the outstanding issues previously mentioned (mail protocol, access to fund balance modules, and posting of meetings when requested) had been resolved through board resolutions or prior court order. The only remaining dispute, according to plaintiff's counsel, was whether the order of dismissal should contain "some type of an ongoing injunctive relief." The trial court denied plaintiff's request for a permanent injunction, stating, "[P]laintiff has failed to present this Court with any evidence and/or legal argument to support the entry of a permanent injunction against defendant." We find no abuse of discretion.

In requesting a permanent injunction from the trial court, plaintiff did not articulate any of the necessary factors to consider when evaluating its request. On appeal, plaintiff again fails to address the factors relevant to its permanent injunction request. See *Janet Travis, Inc*, 306 Mich App at 274-275. Instead, plaintiff simply stated that defendant's conduct during the course of the action warranted a permanent injunction and now raises the same argument, supplementing it with an assertion that her post-dismissal actions demonstrate the trial court's error and that an injunction would "merely admonish the clerk to perform that which she was already obligated to perform." An appellant may not simply announce a position and then leave

it to this Court to rationalize the basis for the appellant's claims, unravel and elaborate upon the arguments, and search for authority to support his or her position. *1031 Lapeer LLC v Rice*, 290 Mich App 225, 233-234; 810 NW2d 293 (2010). Where plaintiff finds it unnecessary to address the merits of its arguments in favor of a permanent injunction against the relevant considerations, so, too, do we.

We affirm in all respects except that we remand for the trial court to address defendant's argument that certain identified documents were signed by plaintiff or its representatives in bad faith in violation of MCR 2.114(D) and thus whether defendant was entitled to sanctions under MCR 2.114(E). We do not retain jurisdiction.


/s/ Deborah A. Servitto
/s/ Kurtis T. Wilder
/s/ Mark T. Boonstra